Opinion issued June 29, 2006

 







 






In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-06-00551-CR

____________


IN RE IVO NABELEK, Relator






Original Proceeding on Petition for Writ of Mandamus






MEMORANDUM OPINION

 Relator, Ivo Nabelek, filed in this Court a pro se petition for writ of mandamus. 
Relator contends that the trial court did not properly sentence him on April 12, 1994 
in the 180th District Court of Harris County, trial court case number 657516, for the
felony offense of aggravated sexual assault of a child and that his conviction is void. 
 Relator requests that this Court compel Respondent to set aside the judgment in case
number 657516. We deny the petition for writ of mandamus.

 There are three prerequisites for the issuance of a writ of mandamus by an
appellate court, namely: (1) the lower court must have a legal duty to perform a
nondiscretionary act; (2) the relator must make a demand for performance; and (3) the
subject court must refuse that request. Barnes v. State, 832 S.W.2d 424, 426 (Tex.
App.--Houston [1st Dist.] 1992, orig. proceeding). Relator has not provided us with
a record that shows that he made any request of the respondent to perform a
nondiscretionary act that respondent refused.

 Even if we were to construe relator's petition as a writ of habeas corpus, relief
would be denied. Court's of appeal have no jurisdiction over post-conviction writs
of habeas corpus in felony cases. See Board of Pardons & Paroles ex rel. Keene v.
Court of Appeals for the Eighth District, 910 S.W.2d 481, 483 (Tex. Crim. App.
1995); In re Coronado, 980 S.W.2d at 692; Tex. Code Crim. Proc. Ann. art. 11.07,
§ 3 (Vernon Supp. 2005). 

 The petition for writ of mandamus is denied.

 Any pending motions are denied as moot.

 It is so ORDERED.

PER CURIAM


Panel consists of Chief Justice Radack, and Justices Taft and Nuchia. 

Do not publish. Tex. R. App. P. 47.2(b).