Dismissed and Memorandum Opinion filed June 26, 2008








Dismissed
and Memorandum Opinion filed June 26, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00496-CR

NO. 14-08-00497-CR

NO. 14-08-00498-CR

NO. 14-08-00499-CR

 

____________

 

BARNEY JOE DONALSON, JR. AKA DAMON
HENRY DOWNS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the
185th District Court

Harris County, Texas

Trial Court Cause Nos.
437662, 437661, 437660, & 437520

 



 

M E M O R A N D U M   O P I N I O N

These
are attempted appeals of the order signed by the trial court on March 5, 2008,
denying appellant=s application for a post-conviction writ of  habeas corpus. 
Appellant filed a pro se notice of appeal on April 14, 2008.  We dismiss these
appeals.








Appellant
entered pleas of guilty, without a recommendation on punishment, to twelve
counts of arson set out in four indictments.  After cumulation of the
sentences, he was effectively sentenced to confinement for fifty years in
prison.  On direct appeal, this court affirmed his convictions.  See Downs
v. State, Nos. C14-86-00339-CR, A14-86-00340-CR,  B14-86-00341-CR, &
C14-86-00342-CR, 1987 WL 10549 (Tex. App.CHouston [14th
Dist.]  1987, no pet.)
(not designated for publication).  According to appellant=s application for writ of habeas
corpus, his sentences were discharged on November 20, 2005.  He seeks habeas
relief from the collateral consequences of his convictions, citing Ex parte
Renier, 734 S.W.2d 349 (Tex. Crim. App. 1987).

We lack
jurisdiction over these appeals.  First, this court lacks jurisdiction over
post-conviction habeas applications in felony cases.  Courts of appeals have no
jurisdiction over postconviction writs of habeas corpus in felony cases. See
Tex.Code Crim. Proc. Ann. ' 11.07, ' 3 (Vernon Supp. 2007);  Board of
Pardons and Paroles ex rel. Keene v. Eighth Court of Appeals, 910 S.W.2d
481, 483 (Tex. Crim. App. 1995) (holding that jurisdiction to grant
postconviction habeas relief lies exclusively with court of criminal appeals). 

Moreover,
a notice of appeal from the March 5, 2008, order was due within thirty days, or
by April 4, 2008. On April 9, 2008, appellant filed a motion complaining that
he had not received timely notice of the court=s ruling on his habeas application. 
The Texas Rules of Appellate Procedure do not provide a remedy for lack of
notice of the court=s judgment or order in criminal cases.  See Tex. R. App. P. 4.2 (setting out
procedure where notice of trial court=s judgment in civil cases was not
received within twenty days).  The sole remedy in criminal cases is to seek an
out-of-time appeal from the Texas Court of Criminal Procedure by application
for writ of habeas corpus.  See Ater v. Eighth Court of Appeals, 802 S .W.2d
241 (Tex. Crim. App. 1991) (explaining that writ of habeas corpus pursuant to
article 11.07 of the Texas Code of Criminal Procedure governs out‑of‑time
appeals in felony cases). 

 








Accordingly,
the appeals are ordered dismissed.

 

PER CURIAM

Judgment rendered and Memorandum Opinion filed June
26, 2008.

Panel consists of Chief Justice Hedges and Justices
Fowler and Boyce. 

Do Not Publish C
Tex. R. App. P. 47.2(b).