Opinion issued August 7, 2008












In The
Court of Appeals
For The
First District of Texas
_____________

NO. 01-08-00104-CR
_____________

JULIUS JAMES LARRY, III, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 262nd District Court 
 Harris County, Texas
Trial Court Cause No. 749955



 
MEMORANDUM OPINION
          We lack jurisdiction to hear this appeal. A jury found, appellant, Julius James
Larry, III, guilty of theft, and assessed his punishment at confinement for 19 years
and a $10,000 fine. The trial court signed a final judgment in cause number 749955
on December 18, 1997. Appellant filed timely notice of appeal and the appeal was
assigned to this Court as appeals number 01-97-01435-CR.
          On March 18, 1999, we issued an opinion affirming the conviction in trial court
cause number 749955. See Larry v. State, No. 01-97-01435-CR (Tex. App.– Houston
[1st Dist. pet. ref’d]. (not designated for publication). Our mandate issued January
21, 2000.
          On October 22, 2007, appellant filed a second notice of appeal in trial court
cause number 749955.


 The second notice of appeal is an attempt to challenge his
final felony conviction in trial court cause number 749955. The October 22, 2007
notice of appeal is styled “defendant’s notice of appeal to the Fourteenth Court of
Appeals” and states in part: “Defendant-movant, . . . files this notice of appeal on all
issues regarding the unconstitutional restitution order and all issues involving the
unqualified judge whose oath of office had expired at the time he tried defendant’s
criminal case. . . .” The appeal was assigned to this Court and given new appellate
cause number 01-08-00104-CR.
          Our judgment of January 21, 2000 is final. Neither the trial court nor this Court
has post conviction jurisdiction in this case because the exclusive means to challenge
a final felony conviction, and jurisdiction to grant post conviction habeas corpus
relief on a final felony conviction has passed to the Texas Court of Criminal Appeals
in accordance with article 11.07 of the Texas Code of Criminal Procedure. See Tex.
Code Crim. Proc. Ann. art. 11.07 (Vernon Supp. 2007); Board of Pardons &
Paroles ex rel. Keene v. Court of Appeals for the Eighth District, 910 S.W.2d 481,
483 (Tex. Crim. App. 1995); Ater v. Eight Court of Appeals, 802 S.W. 2d 241 (Tex.
Crim. App. 1991) ( providing that remedy of writ of habeas corpus governs out- of-time appeals in felony cases pursuant to article 11.07 of the Texas Code of Criminal
Procedure.)
          Accordingly, we dismiss the appeal for lack of jurisdiction.
          Any pending motions are denied as moot.
PER CURIAM 
Panel consists of Chief Justice Radack, and Justices Keyes and Higley.
Do not publish. Tex. R. App. P. 47.2(b).