Opinion issued February 18, 2010  







 




In The
Court of Appeals
For The
First District of Texas

____________

NO. 01-09-00606-CR
____________

BILLY RAY RISLEY, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 232nd District Court
Harris County, Texas
Trial Court Cause No. 966167


 
MEMORANDUM OPINIONWe deny the appellant’s motion for rehearing. See Tex. R. App. P. 49.3. We
withdraw our August 27, 2009 opinion, and substitute this opinion in its place, and
vacate our August 27, 2009 judgment.

          We lack jurisdiction to hear this appeal. Appellant, Billy Ray Risley, was
convicted by a jury of the offense of aggravated assault. After finding true the
allegations in two enhancement paragraphs that appellant had two prior felony
convictions, the trial court assessed his punishment at confinement for 30 years. The
trial court sentenced appellant and signed a final judgment on June 29, 2004. 
Appellant appealed the trial court’s judgment, and we affirmed. See Risley v. State,
No. 01-04-00732-CR, 2005 WL 1365134, (Tex. App.—Houston [1st Dist.] June 9,
2005, pet. ref’d) (not designated for publication). Our mandate issued on March 7,
2006.

          On June 19, 2009, appellant filed a second notice of appeal of the trial court’s
judgment. In the notice, which is styled “notice of appeal with brief,” appellant
complains that the State failed to prove that his prior convictions used for
enhancement were final convictions. Appellant requests that his case be remanded
to the trial court for “re-sentencing.” The June 19, 2009 notice of appeal was
assigned to this Court and given new appellate cause number 01-09-00606-CR.

          Our judgment of June 9, 2005 is final. Neither the trial court nor this Court has
post conviction jurisdiction in this case because the exclusive means to challenge a
final felony conviction, and jurisdiction to grant post conviction habeas corpus relief
on a final felony conviction has passed to the Texas Court of Criminal Appeals in
accordance with article 11.07 of the Texas Code of Criminal Procedure. See Tex.
Code Crim. Proc. Ann. art. 11.07 (Vernon Supp. 2007); Board of Pardons &
Paroles ex rel. Keene v. Court of Appeals for the Eighth District, 910 S.W.2d 481,
483 (Tex. Crim. App. 1995); Ater v. Eight Court of Appeals, 802 S. W. 2d 241 (Tex.
Crim. App. 1991) ( providing that remedy of writ of habeas corpus governs out- of-time appeals in felony cases pursuant to article 11.07 of the Texas Code of Criminal
Procedure.)

          Accordingly, we dismiss the appeal for lack of jurisdiction.

          Any pending motions are denied as moot.

PER CURIAM 

Panel consists of Justices Jennings, Alcala, and Higley.

Do not publish. Tex. R. App. P. 47.2(b).