Petition for Writ of Mandamus Dismissed
and Memorandum Opinion filed June 3, 2010.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-10-00452-CR

____________

 

IN RE JAMES THOMAS GREEN, Relator

 

 

 



ORIGINAL PROCEEDING

WRIT OF MANDAMUS

 

 

 



M E M O R
A N D U M   O P I N I O N

            Relator, James Thomas Green, an inmate in the Texas
Department of Criminal Justice who is proceeding pro se, filed a
petition for writ of mandamus in this court.  See Tex. Gov’t Code Ann. §
22.221 (Vernon 2004); see also Tex. R. App. P. 52.  In his petition, Green
asks that this court compel the respondent, the Honorable Joan Campbell, presiding
judge of the 248th District Court in Harris County, to enter a judgment of
acquittal in trial court cause number 715266.  Green asserts that the
abandonment of a paragraph in the indictment resulted in an acquittal that is
not reflected in the judgment.  Green also asks that we order the respondent to
conduct a hearing and make appropriate findings concerning his entitlement to a
judgment of acquittal.  

A jury convicted Green of murder, and the trial court sentenced him to
confinement for thirty-five years in the Institutional Division of the Texas
Department of Criminal Justice.  This court affirmed his conviction.  See
Green v. State, No. 14-96-01536-CR, 1999 WL 33620 (Tex. App.—Houston [14th
Dist.] Jan. 28, 1999, pet. ref’d) (not designated for publication), cert.
denied, 529 U.S.1059, 120 S.Ct. 1567 (2000). 

Earlier this year, Green filed another petition for writ of mandamus in
this court in which he sought essentially the same relief.  See In re Green,
No. 14-10-00048-CR, 2010 WL 343380 (Tex. App.—Houston [14th Dist.] Feb. 2, 2010,
orig. proceeding) (not designated for publication).  We dismissed the petition
for want of jurisdiction.  Id.

In a criminal case, mandamus relief is authorized only if the
relator establishes that (1) under the facts and the law, the act sought to be
compelled is purely ministerial; and (2) he has no other adequate legal remedy.
 State ex rel. Rosenthal v. Poe, 98 S.W.3d 194, 198 (Tex. Crim. App. 2003)
(orig. proceeding).  An act is ministerial if the law dictates the duty to be
performed with such certainty that nothing is left to the exercise of
discretion.  State ex rel. Healy v. McMeans, 884 S.W.2d 772, 774 (Tex. Crim.
App. 1994) (orig. proceeding).  

Although Green has rephrased his request for relief
as seeking to enforce the performance of a ministerial duty, the substance of
his petition constitutes a collateral attack on his final felony conviction and
is not an appropriate basis for mandamus relief.  Such an attack falls within
the scope of a post-conviction writ of habeas corpus under article 11.07 of the
Texas Code of Criminal Procedure.  See Tex.Code Crim. Proc. Ann. art.
11.07 § 3 (Vernon Supp. 2009).  Article 11.07 provides the exclusive means to
challenge a final felony conviction.  Board of Pardons & Paroles ex rel.
Keene v. Court of Appeals for Eighth Dist., 910 S.W.2d 481, 483 (Tex. Crim.
App. 1995).  While the courts of appeals have mandamus jurisdiction in criminal
matters, only the Texas Court of Criminal Appeals has jurisdiction over matters
related to final post-conviction felony proceedings.  Ater v. Eighth Court
of Appeals, 802 S.W.2d 241, 243 (Tex. 1991).  This court has no authority
to issue a writ of mandamus to compel a district court judge to rule on matters
seeking post-conviction relief in felony convictions in which the judgment is
final.  See In re McAfee, 53 S.W .3d 715, 718 (Tex. App.—Houston [1st
Dist.] 2001, orig. proceeding).  

Accordingly, we dismiss Green’s petition for lack of
jurisdiction.

 

                                                                        PER
CURIAM

 

Panel
consists of Chief Justice Hedges and Justices Yates and Boyce.

Do No Publish
— Tex. R. App. P. 47.2.