Petition for Writ of Injunction
Dismissed and Memorandum Opinion filed February 1, 2011.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-11-00061-CR

____________

 

IN RE BRADY TURK, Relator

 

 

 



ORIGINAL PROCEEDING

WRIT OF INJUNCTION

248th District Court

Harris, County Texas

Trial Court No. 098134501010

 

 

 



MEMORANDUM 
OPINION

            On January 24, 2011, relator, Brady Turk, filed a petition
for writ of injunction in this court.  See Tex. Gov’t Code Ann §22.221; see
also Tex. R. App. P. 52.1.  In the petition, relator seeks to have this
court stop his extradition from Colorado to Texas.  According to the petition,
relator was convicted of assault and placed on probation in 2004.  This court
affirmed appellant’s conviction in 2005.  See Turk v. State, No.
14-04-00856-CR; 2005 WL 2739146 (Tex. App.—Houston [14th Dist.] 2005, pet.
dism’d).  While the conviction was pending appeal, relator moved to Colorado. 
Attached to relator’s petition is a writ of habeas corpus he filed in the Court
of Criminal Appeals.  Appellant seeks to have this court stop his extradition
to Texas while the writ of habeas corpus is pending.

            This court’s original jurisdiction is governed by section
22.221 of the Texas Government Code.  Section 22.221 expressly limits the original
jurisdiction of the courts of appeals to:  (1) writs against a district court
judge or county court judge in the court of appeals’ district, and (2) all
writs necessary to enforce the court of appeals’ jurisdiction.  Tex. Gov’t Code
Ann. § 22.221.  

The substance of the relief sought by relator in his
petition is habeas corpus relief following a final felony conviction.  Article
11.07 of the Texas Code of Criminal Procedure provides the exclusive means to
challenge a final felony conviction.  Board of Pardons & Paroles ex rel.
Keene v. Court of Appeals for Eighth Dist., 910 S.W.2d 481, 483 (Tex. Crim.
App. 1995).  Such an application for writ of habeas corpus is returnable to the
Court of Criminal Appeals.  The court of appeals does not have jurisdiction.  Id.

Accordingly, we dismiss relator’s petition for lack
of jurisdiction.

 

                                                            PER
CURIAM

 

Panel
consists of Justices Anderson, Seymore, and McCally.

Do Not
Publish — Tex. R. App. P. 47.2(b).