**Petition for Writ of Mandamus Denied and Memorandum Opinion filed October 20, 2011.**



In The

# Fourteenth Court of Appeals

———————————

## NO. 14-11-00845-CR

———————————

### IN RE THOMAS FLORENCE, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**56th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 10CR1217**

---

## M E M O R A N D U M   O P I N I O N

On September 29, 2011, relator filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (Vernon 2004); *see also* Tex. R. App. P. 52. Relator claims his conviction is void due to defects in the charging instrument.

Texas Code of Criminal Procedure article 11.07 governs the procedure for obtaining post-conviction relief from a final felony conviction. *See* Tex. Code Crim. Proc. Ann. art. 11.07 (West Supp. 2010). Article 11.07 provides no role for the courts of appeals in this process. *See id.* Only the Texas Court of Criminal Appeals has jurisdiction over matters related to post-conviction relief from a final felony conviction. *See Ater v. Eighth Court*

*of Appeals*, 802 S.W.2d 241, 243 (Tex. 1991); *Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (holding that article 11.07 provides the exclusive means to challenge a final felony conviction). Accordingly, we are without jurisdiction to declare relator's conviction void and order his release.

Relator's petition is dismissed for lack of jurisdiction. Tex. R. App. P. 52.8(a).


PER CURIAM

Panel consists of Justices Brown, Boyce, and McCally.

Do Not Publish — Tex. R. App. P. 47.2(b).