Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio




# MEMORANDUM OPINION

No. 04-12-00023-CR

**IN RE** Jose Roberto **MEDINA**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:      Sandee Bryan Marion, Justice
              Steven C. Hilbig, Justice
              Marialyn Barnard, Justice

Delivered and Filed:  January 25, 2012

PETITION FOR WRIT OF MANDAMUS DISMISSED FOR LACK OF JURISDICTION

On January 12, 2012, relator Jose Roberto Medina filed a petition for writ of mandamus, complaining the Bexar County District Clerk has failed to provide him with copies of records he claims he requested.  In 2010, relator entered a plea bargain agreement and was sentenced to fifteen years' confinement for burglary of a habitation with the intent to commit a felony with force.  On February 9, 2011, this court dismissed the appeal in Cause No. 04-10-00896-CR for lack of jurisdiction because we concluded relator had no right of appeal.  Therefore, relator's felony conviction became final.  For the following reasons, we dismiss the petition for lack of jurisdiction.

---

[1] This proceeding arises out of Cause No. 2010-CR-1086, styled *State of Texas v. Jose Roberto Medina*, in the 226th Judicial District Court, Bexar County, Texas, the Honorable Sid Harle presiding.

First, by statute this court has the authority to issue a writ of mandamus against "a judge of a district or county court in the court of appeals district" and other writs as necessary to enforce our appellate jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221(a)-(b) (West 2004). We conclude the writ against the Bexar County District Clerk is not necessary to enforce our jurisdiction.

Furthermore, only the Texas Court of Criminal Appeals has jurisdiction over matters related to post-conviction relief from an otherwise final felony conviction. *See Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. 1991); *see also* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon Supp. 2011); *Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (holding that "Article 11.07 provides the exclusive means to challenge a final felony conviction."). Because the relief sought in relator's petition relates to post-conviction relief from an otherwise final felony conviction, we are without jurisdiction to consider his petition for writ of mandamus.

Accordingly, relator's petition is DISMISSED FOR LACK OF JURISDICTION.

PER CURIAM

DO NOT PUBLISH