**Opinion issued December 20, 2012**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-12-01099-CR

_____

## IN RE SAMUEL ROY JACKSON, Relator

---

## Original Proceeding on Writ of Mandamus

---

## MEMORANDUM OPINION

Relator, Samuel Roy Jackson, has filed, pro se, a petition for writ of mandamus, "seeking relief from a void judgment and void court order" rendered on October 28, 2004. Jackson contends that the trial court had no jurisdiction to render the order, making its judgment void. Jackson further contends that the trial court erroneously reinstated the indictment on which he was convicted after its

dismissal, did not have jurisdiction over the first or reinstated indictment, conducted a subsequent trial when there was no evidence to support his conviction, and refused to allow an impaneled jury to render its verdict.

Jackson's petition is for the purpose of obtaining relief from his felony conviction of the offense of aggravated robbery. On November 17, 2005, this Court affirmed Jackson's conviction, making it final. *Jackson v. State*, No. 01-04-01137-CR, 2005 WL 3072018, at *4 (Tex. App.—Houston [1st Dist.] Nov. 17, 2005, pet. withdrawn). The exclusive remedy from final felony convictions is a writ of habeas corpus. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West 2005). Only the Texas Court of Criminal Appeals has jurisdiction in final post-conviction habeas corpus proceedings. *See id.*; *Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995); *In re McAfee*, 53 S.W.3d 715, 717–18 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding). Thus, this Court is without authority to grant the relief that Jackson seeks. *See Bd. of Pardons & Paroles ex rel. Keene*, 910 S.W.2d at 483; *In re McAfee*, 53 S.W.3d at 717–18; *In re Murphy*, No. 01-11-00120-CR, 2011 WL 1326032, at *1 (Tex. App.—Houston [1 Dist.] Apr. 7, 2011, orig. proceeding) (mem. op.).

We dismiss the petition for writ of mandamus for lack of jurisdiction. All pending motions are denied.

2

**PER CURIAM**

Panel consists of Justices Jennings, Higley, and Sharp.

Do not publish. TEX. R. APP. P. 47.2(b).