# NO. 12-13-00293-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *THERON BELTON,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## *MEMORANDUM OPINION*

In this original proceeding, Theron Belton asserts that although a reasonable time has passed, the trial court has failed to rule on his postconviction petition for writ of mandamus. Therefore, he seeks a writ of mandamus directing the trial court to rule.[1]  We deny mandamus relief.

## BACKGROUND

Belton alleges that he was convicted of delivery of a controlled substance on October 26, 1998, and sentenced to imprisonment for twenty years.  He was paroled on November 1, 2006, and arrested on a blue warrant approximately five years later.  His parole was revoked in 2012, and he asserts that no preliminary hearing was conducted before the revocation as required by Texas Government Code Section 508.2811.

Several months after the revocation, Belton petitioned the trial court for a writ of mandamus directing the Texas Board of Pardons and Paroles to conduct a preliminary hearing. He complains here that the petition has been pending in the trial court for more than one year without a ruling, and that the trial court's failure to rule is a violation of its ministerial duty.

---

[1] The respondent is the Honorable Barry R. Bryan, Judge of the 217th Judicial District Court, Angelina County, Texas.  The State of Texas is the real party in interest.

## AVAILABILITY OF MANDAMUS

A "ministerial" act is one that is accomplished without the exercise of discretion or judgment. *State ex rel. Hill v. Fifth Dist. Court of Appeals*, 34 S.W.3d 924, 927 (Tex. Crim. App. 2001) (orig. proceeding). If there is any discretion or judicial determination attendant to the act, it is not ministerial. *Id.* Consideration of a motion properly filed and before the court is ministerial. *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig. proceeding). After a judgment becomes final, however, the trial court's jurisdiction is limited to specific functions authorized by statute or through the appellate process. *See State v. Holloway*, 360 S.W.3d 480, 484-85 (Tex. Crim. App. 2012) (orig. proceeding). Unless the trial court has jurisdiction, mandamus is not available to compel the court to rule on a motion that is filed after the judgment becomes final. *In re Harrison*, No. 09-14-00043-CR, 2014 WL 670182, at *1 (Tex. App.–Beaumont Feb. 19, 2014, orig. proceeding) (per curiam) (mem. op., not designated for publication).

Generally, an inmate is entitled to a preliminary hearing to determine whether probable cause or reasonable grounds exist to believe that the inmate has violated a condition of his parole. TEX. GOV'T CODE ANN. § 508.2811 (West 2012). Belton asserts that he did not receive this preliminary hearing and sought mandamus relief from the trial court. However, a person alleging irregularities in the proceeding leading to a parole revocation should raise those issues in a postconviction application for writ of habeas corpus under Texas Code of Criminal Procedure Article 11.07. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2013); *Bd. of Pardons & Paroles v. Eighth Court of Appeals*, 910 S.W.2d 481, 484 (Tex. Crim. App. 1995) (holding claim of unlawful parole revocation must be brought to attention of convicting court under Article 11.07). The court of criminal appeals retains exclusive jurisdiction to grant relief in such a proceeding. *See Bd. of Pardons & Paroles*, 910 S.W.2d at 484.

Here, Belton filed his petition for writ of mandamus in the trial court after his felony conviction was final. Moreover, the trial court has no jurisdiction to grant mandamus relief for irregularities in parole revocation proceedings. *See id.* Consequently, Belton cannot show that his petition for writ of mandamus is properly before the trial court. *See, e.g.*, *id.* Therefore, the trial court has no duty to rule on Belton's petition. *See In re Beatley*, No. 09-10-00262-CV, 2010 WL 2541877, at *1 (Tex. App.–Beaumont June 24, 2010, orig. proceeding) (mem. op., not

designated for publication) (holding that trial court has no duty to rule on mandamus petition where claim must be raised under Article 11.07).

Because Belton has not shown that the trial court has a duty to rule on his mandamus petition, he has not shown that he is entitled to mandamus relief from this court. Accordingly, we *deny* Belton's petition for writ of mandamus in this court.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered May 14, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### MAY 14, 2014

### NO. 12-13-00293-CR

**THERON BELTON,**
Relator
V.
**HON. BARRY R. BRYAN,**
Respondent

---

### ORIGINAL PROCEEDING

---

ON THIS DAY came to be heard the petition for writ of mandamus filed by **THERON BELTON**, who is the defendant in Cause No. 19,408-A pending on the docket of the 217th Judicial District Court of Angelina County, Texas. Said petition for writ of mandamus having been filed herein on September 19, 2013, and the same having been duly considered, because it is the opinion of this Court that a writ of mandamus should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **DENIED**.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*