**Opinion issued September 23, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00576-CR

———————————

**CHUCK HARPER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 351st District Court**
**Harris County, Texas**
**Trial Court Case No. 1064870**

---

## MEMORANDUM OPINION

On May 23, 2006, appellant Chuck Lepold Harper was convicted of robbery with bodily injury and sentenced to 99 years imprisonment (Trial Ct. Cause No. 1064870) with the sentence to "run cumulative to cause no. 473251, a 45 yrs TDC sentence for robbery dated 9/2/87, in the 177th Court." Harper appealed his

conviction and we issued an opinion affirming the conviction on June 21, 2007. *See Harper v. State*, No. 01-06-00495-CR, 2007 WL 1775982 (Tex. App.— Houston [1st Dist.] June 21, 2007, pet. ref'd) (mem. op., not designated for publication). The Court of Criminal Appeals refused Harper's petition for discretionary review on October 31, 2007, and our mandate issued on February 26, 2008.

On January 28, 2013, Harper filed a "Motion to Correct Sentence" with the trial court, arguing that the stacking of his sentences was improper.[*] Harper alleges that he received the 45-year sentence in Cause No. 473251 in 1986, was paroled on March 3, 2004, and was on parole at the time of his offense in Cause No. 106487. Harper claims that the trial court's granting of the State's motion to cumulate improperly makes him redo his 45-year sentence and that his sentence should only be the 99 years assessed in Cause No. 1064870. The trial court denied Harper's motion on May 16, 2014. Harper filed a notice of appeal on June 5, 2014.

The relief sought by Harper can only be granted by a post-conviction writ of habeas corpus. Only the Texas Court of Criminal Appeals has jurisdiction to grant such relief in final post-conviction felony proceedings, which are governed by

---

[*] On July 31, 2013, Harper filed a petition for writ of mandamus requesting that we compel the trial court to rule on his motion to correct sentence. We denied the petition on September 17, 2013. *See In re Harper*, No. 01-13-00676-CR, 2013 WL 5288786 (Tex. App.—Houston [1st Dist.] Sep. 17, 2013, no pet.) (mem. op., not designated for publication).

Article 11.07 of the Texas Code of Criminal Procedure. *See* TEX CODE. CRIM. PROC. ANN. art. 11.07 (West Supp. 2014); *Olivo v. State*, 918 S.W.2d 519, 525 n. 8 (Tex. Crim. App. 1996); *Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995). Because Harper's conviction became final on February 26, 2008, this is a final post-felony conviction proceeding and we have no jurisdiction over the appeal. *See Medina v. State*, No. 01-14-00117-CR, 2014 WL 1494304, at *1-2 (Tex. App.—Houston [1st Dist.] April 15, 2014, no pet.) (mem. op., not designated for publication) (dismissing appeals of final post-judgment felony proceedings for lack of jurisdiction).

Accordingly, we dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 43.2(f). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Massengale, Brown, and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).