BOARD OF PARDONS & PAROLES ex rel Henry B. KEENE, Chairman and State of Texas, ex rel Jaime Esparza, District Attorney, 34th Judicial District, Relators,

v.

The COURT OF APPEALS FOR the EIGHTH DISTRICT, the Honorable Edward Marquez, Judge, 65th District Court, and the Honorable James Carter, Magistrate, El Paso County, Respondents.

No. 72062.

Court of Criminal Appeals of Texas, En Banc.

June 28, 1995.

**482**

Kim B. Vernon, Staff Counsel, Austin, John L. Davis, Asst. Dist. Attorney, El Paso, for relators.

Michael Gibson, El Paso, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

PER CURIAM.

This is an original action concerning various orders entered by the Honorable Edward Marquez, Judge, 65th District Court and the Honorable James Carter, Magistrate, El Paso County, in a habeas corpus proceeding styled Ex parte Victor Michael Delgado, Cause No. 77294, in the 65th District Court of El Paso County. Relators also seek to challenge the authority of the court of appeals to entertain an appeal in Cause No. 08–95–00089–CR, styled Victor Michael Delgado v. The State of Texas.

On January 5, 1981, Delgado was convicted in the 120th District Court of El Paso County of the offense of murder. Punishment was assessed at 25 years. Delgado was released on parole on June 2, 1989.

On December 15, 1994, the Parole Division of the Texas Department of Criminal Justice issued a "blue warrant" against Delgado. The warrant alleged Delgado had violated the conditions of his parole by failing to report an arrest and committing the offense of indecency with a child. A hearing officer for the Board of Pardons and Paroles conducted a preliminary hearing on the allegations contained within the "blue warrant." The officer found probable cause existed on both allegations to hold Delgado for a final revocation hearing.

The Board of Pardons and Paroles voted to proceed with the final revocation hearing. The hearing was held and resulted in a finding sustaining both alleged violations of parole. Delgado's parole was revoked by the Board of Pardons and Paroles on March 17, 1995.

On February 15, 1995, Delgado, through counsel, filed an application for writ of habeas corpus with Respondent Judge Marquez. Delgado complained of certain alleged irregularities in connection with the revocation of his parole. Judge Marquez referred the matter to Magistrate Carter.

A hearing on the application was held before Magistrate Carter on February 24, 1995. On March 8, 1995, Magistrate Carter signed Findings of Fact, Conclusions of Law and an order granting partial habeas corpus relief. The following day, Magistrate Carter signed an order setting bond for Delgado.

On March 9, 1995, Delgado gave notice of appeal to the Eighth Court of Appeals from that portion of Magistrate Carter's order denying habeas corpus relief. Respondent Eighth Court of Appeals has docketed the appeal under their Cause No. 08–95–00089–CR.

On March 24, 1995, the Board of Pardons and Paroles and District Attorney appeared before Judge Marquez. They argued the application filed by Delgado should be characterized as an Article 11.07, V.A.C.C.P., action and therefore Magistrate Carter was without jurisdiction to grant relief. It was further urged the attempted appeal to the Eighth Court of Appeals was improper because the habeas corpus application was returnable as a matter of law to this Court. Judge Marquez rejected the arguments presented by the Board of Pardons and Paroles and District Attorney.

On March 27, 1995, Magistrate Carter entered additional orders. First, he directed the Sheriff of El Paso County not to transfer Delgado to the Institutional Division pending the appeal in the Eighth Court of Appeals. Magistrate Carter further instructed the Sheriff to only release Delgado upon posting of bail. Finally, an order was entered setting aside the Board of Pardons and Paroles' revocation of Delgado's parole and quashing the "white warrant."

■ The Board and District Attorney seek relief from this Court on the basis Judge Marquez and Magistrate Carter lacked authority to grant Delgado relief and the Court of Appeals lacks jurisdiction to entertain an appeal from their orders. Specifically, it is urged the only authority to grant relief, if any, to Delgado is vested in this Court by means of a post conviction application for

writ of habeas corpus under Article 11.07, V.A.C.C.P.

To obtain mandamus relief from this Court, a Relator must make a two-fold showing. First, no other adequate remedy at law must be available to seek redress of the alleged error. Second, the act a Relator seeks to compel must be ministerial. *State ex rel Healey v. McMeans,* 884 S.W.2d 772 (Tex.Cr.App.1994). A failure to demonstrate either of the required showings will result in the denial of relief.

As to the first prong, Relators maintain they are required to resort to the instant proceedings because they have no adequate remedy at law. Respondents Marquez and Carter urge the Relators have an adequate remedy at law by presenting the instant complaints to the Court of Appeals.[1]

Ordinarily, a Respondent in a habeas corpus proceeding cannot appeal from a judgment discharging the applicant. *State v. Gonzales,* 459 S.W.2d 947 (Tex.Civ.App.— San Antonio, 1970, no writ). Generally, only the unsuccessful applicant is entitled to the right of an appeal. In *State ex rel Holmes v. Klevenhagen,* 819 S.W.2d 539 (Tex.Cr.App. 1991), this Court recognized that mandamus was appropriate because the State had no adequate remedy at law, since it could not appeal an adverse ruling in a habeas proceeding.

The arguments presented by Respondents Marquez and Carter are disingenuous at best. As noted above, Relators have no right to appeal to the Court of Appeals. If Relators successfully obtained a dismissal of Delgado's appeal for want of jurisdiction, such dismissal would have no effect on the challenged actions of Respondents Marquez and Carter. Relators have satisfied the first requirement by demonstrating the unavailability of an adequate remedy at law.

The question now remains whether the act sought to be compelled by Relators is a ministerial act. Relators seek to have this Court issue a writ of mandamus directing Respondents Marquez and Carter to set aside their alleged invalid orders partially granting Delgado relief and setting bail. Relators maintain Respondents were without authority to grant relief to Delgado because such authority is exclusively vested in this Court under Article 11.07, V.A.C.C.P. Respondents in turn urge they have jurisdiction to grant Delgado relief because his parole had not been finally revoked at the time relief was granted.

Provided a Relator has no adequate remedy at law, mandamus will issue to compel a trial court to set aside an order which it had no authority to enter. *State ex rel Holmes v. Denson,* 671 S.W.2d 896 (Tex.Cr. App.1984). This Court has frequently granted mandamus relief upon finding a district judge has acted without jurisdiction. See *State ex rel Holmes v. Salinas,* 784 S.W.2d 421 (Tex.Cr.App.1991); *State ex rel Cobb v. Godfrey,* 739 S.W.2d 47 (Tex.Cr.App.1987); *State ex rel Thomas v. Banner,* 724 S.W.2d 81 (Tex.Cr.App.1987); *Whitsitt v. Ramsay,* 719 S.W.2d 333 (Tex.Cr.App.1986).

Article 11.07 provides the exclusive means to challenge a final felony conviction. Jurisdiction to grant post conviction habeas corpus relief on a final felony conviction rests exclusively with this Court. *Ex parte Hoang,* 872 S.W.2d 694 (Tex.Cr.App.1993). Any other proceeding shall be void and of no force and effect in discharging the prisoner. Article 11.07, Section 3, *supra.*

Parole is a form of restraint which allows an applicant to pursue the remedies afforded under Article 11.07, V.A.C.C.P. *Ex parte Elliott,* 746 S.W.2d 762 (Tex.Cr.App. 1988). A claim that parole or other form of administrative release has been unlawfully revoked must be brought to the attention of the convicting court under Article 11.07, V.A.C.C.P. See *Ex parte Henson,* 731 S.W.2d 97 (Tex.Cr.App.1987); *Ex parte Woodward,* 619 S.W.2d 179 (Tex.Cr.App. 1981). This Court frequently entertains challenges to parole revocation proceedings by way of Article 11.07, V.A.C.C.P., post conviction habeas corpus proceedings. See *Ex parte Snow,* 899 S.W.2d 201 (Tex.Cr.App.

---

1. This argument is contained within a response to the Original Motion for Leave to File. Although this Court directed Respondents Marquez and Carter to file a brief, they chose not to do so.

1995); *Ex parte Canada,* 754 S.W.2d 660 (Tex.Cr.App.1988); *Ex parte Hall,* 696 S.W.2d 915 (Tex.Cr.App.1985); *Ex parte Maceyra,* 690 S.W.2d 572 (Tex.Cr.App.1983).

Respondents Marquez and Carter granted habeas corpus relief to Delgado on the basis of alleged irregularities occurring during the proceedings leading to the revocation of his parole. Such alleged irregularities · should have been brought to the attention of the convicting court by way of a post conviction application for writ of habeas corpus under Article 11.07, V.A.C.C.P. As discussed above, this Court enjoys the exclusive authority to grant relief in such a proceeding. Judges Marquez and Carter acted without authority in purporting to grant Delgado post conviction habeas corpus relief.[2] Relators have satisfied both required showings to obtain mandamus relief.[3]

We conditionally grant mandamus relief and direct Respondents Marquez and Carter to vacate their orders purporting to grant habeas corpus relief and bail to Delgado.[4] We take such action without prejudice to Delgado's ability to challenge his parole revocation proceeding by way of an application for writ of habeas corpus under Article 11.07, V.A.C.C.P. Finally, our stay order of March 29, 1995, is vacated to allow the Respondents to comply with this opinion.

CLINTON, Judge, concurring.

Joining the judgment of the Court, I write to supplement the chronology of and to expand on various actions by the parties, in order further to justify our conditional grant of the writ.

On *February 8, 1994,* after receiving the report from the hearing officer, the Board of Pardons and Paroles decided to proceed with the final revocation hearing.[1]

Promptly thereafter counsel for Victor Michael Delgado, Real Party in Interest, presented his application for writ of habeas corpus to Judge Marquez. Op., at 482. As well as claiming certain irregularities in preliminary revocation proceedings, Delgado requested as relief "that he be in all things *discharged,*" and prayed that the sheriff show cause "why Petitioner should not be in all things *discharged* or other appropriate relief granted."[2]

The ensuing proceedings, including Delgado's notice of appeal from an order granting partial relief, op., at 482, all occurred *before March 17, 1994,* when the Board of Pardons and Paroles entered its order of revocation and issued its "white warrant" for arrest of Delgado.

On March 27, 1994, notwithstanding that his prior notice of appeal had effectively suspended and arrested all further proceedings in the habeas court, Tex.R.App.Pro. 40(b)(2), Magistrate Carter entertained further pleadings and entered additional orders in the cause, including an order that purported to set aside the revocation order of the Board and its "white warrant."

In my view, at all times after his arrest on the "blue warrant" Delgado was in the custody of the Board of Pardons and Paroles, at least constructively, pending its final determination of revocation proceedings. Delgado still retained the status of a convicted felon, subject to serving the remainder of his sentence for the offense of murder under terms and conditions imposed by the Board. His claim for post-conviction habeas relief in the

---

**2.** Likewise, Respondents had no authority to grant Delgado bail.

**3.** We decline Relator's request to issue a writ of prohibition directing Respondents Marquez and Carter to take no further action in this cause. The record fails to reflect any impending action by Respondents and we are confident no such action will be taken upon receipt of the instant opinion.

**4.** We decline to grant Relators' request for a writ of mandamus directing the Court of Appeals to dismiss Delgado's purported appeal. The record

fails to reflect Relators have sought dismissal by the Court of Appeals and we are confident the Court of Appeals will not entertain Delgado's purported appeal upon receipt of the instant opinion.

**1.** All emphasis is mine throughout unless otherwise indicated.

**2.** Directing the writ to the Sheriff was purely *pro forma;* he was merely holding Delgado for the Board of Pardons and Paroles on its "blue warrant," pending further revocation proceedings before the Board.

premises must be made under Article 11.07 § 3, V.A.C.C.P., which mandates that the procedure prescribed therein "shall be exclusive and *any other proceeding shall be void and of no force and effect in discharging the prisoner.*"