COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
                                                   NOS.
2-03-066-CR
                                                           2-03-067-CR
 
EX PARTE MICHELLE ROSE NURNBERG
 
------------
FROM THE 396
TH
DISTRICT COURT OF TARRANT COUNTY
------------
MEMORANDUM
OPINION(1)
------------
        After
the trial court revoked her appeal bond, Appellant Michelle Nurnberg filed two
applications for writs of habeas corpus requesting the setting of or
reinstatement of a reasonable appeal bond.  The trial court denied the
applications without a hearing and without issuing a writ. The State argues that
we have no jurisdiction to hear Appellant's complaints because the trial court
has issued neither a writ nor a ruling on the merits in either case. We agree.(2)
        In her
reply brief, Appellant urges us to treat each of her appeals as an original
application for writ of habeas corpus in this court.  As an intermediate
appellate court, we have no original jurisdiction over postconviction writs of
habeas corpus in felony cases.(3)  Even if
we had jurisdiction to entertain Appellant's complaints, they are now moot
because mandate has issued on Appellant's underlying conviction.(4)
       
Accordingly, we dismiss these cases for want of jurisdiction.(5)
 
                                                           PER
CURIAM
PANEL F: DAUPHINOT, J.; CAYCE, C.J.; and DAY, J.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: June 12, 2003

1. See Tex. R. App. P. 47.4.
2. See Ex parte Okere, 56 S.W.3d 846, 849-51
(Tex. App.--Fort Worth 2001, pet. ref'd) (providing detailed discussion of this
issue).
3. Tex. Code Crim. Proc. Ann. arts. 11.05, 11.07, § 3
(Vernon 1977 & Supp. 2003); Bd. of Pardons & Paroles ex rel. Keene
v. Eighth Court of Appeals, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995,
orig. proceeding).
4. Ex parte Marks, 144 Tex. Crim. 561, 165 S.W.2d
184, 184 (Tex. Crim. App. 1942).
5. See Tex. R. App. P. 43.2(f).