EX PARTE MICHELLE ROSE NURNBERG

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

       NOS. 2-03-066-CR

2-03-067-CR

EX PARTE MICHELLE ROSE NURNBERG 

------------

FROM THE 396
TH
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

After the trial court revoked her appeal bond, Appellant Michelle Nurnberg filed two applications for writs of habeas corpus requesting the setting of or reinstatement of a reasonable appeal bond.  The trial court denied the applications without a hearing and without issuing a writ.  The State argues that we have no jurisdiction to hear Appellant’s complaints because the trial court has issued neither a writ nor a ruling on the merits in either case.  We agree.
(footnote: 2)
 In her reply brief, Appellant urges us to treat each of her appeals as an  original application for writ of habeas corpus in this court. 
 As an intermediate appellate court, we have no original jurisdiction over postconviction writs of habeas corpus in felony cases.
(footnote: 3) 
 Even if we had jurisdiction to entertain Appellant’s complaints
, they are now moot because mandate has issued on Appellant’s underlying conviction.
(footnote: 4)
 Accordingly, we dismiss these cases for want of jurisdiction.
(footnote: 5)

PER CURIAM

PANEL F: DAUPHINOT, J.; CAYCE, C.J.; and DAY, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  June 12, 2003

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
See Ex parte Okere
, 56 S.W.3d 846, 849-51 (Tex. App.—Fort Worth 2001, pet. ref’d) (providing detailed discussion of this issue). 

3:
Tex. Code Crim. Proc. Ann.
 arts. 11.05, 11.07, § 3 (Vernon 1977 & Supp. 2003); 
Bd. of Pardons & Paroles ex rel. Keene v. Eighth Court of Appeals
, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995, orig. proceeding).

4:
Ex parte Marks
, 144 Tex. Crim. 561, 165 S.W.2d 184, 184 (Tex. Crim. App. 1942).

5:
See
 
Tex. R. App. P.
 43.2(f).