Opinion issued October 16, 2009










In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-09-00823-CR

____________


IN RE HOWARD G. GREEN, Relator






Original Proceeding on Petition for Writ of Mandamus






MEMORANDUM OPINION

 We lack jurisdiction to consider the petition for writ of mandamus filed by
relator, Harold G. Green. A jury convicted relator of the offense of aggravated
robbery, and the trial court on October 21, 1998, sentenced him to confinement for 27
years. Relator appealed, and, in an opinion that issued on July 6, 2000, this Court
affirmed the trial court's judgment. Our mandate issued on January 12, 2001. See
Green v. State, 2000 WL 892859 (Tex. App. --Houston [1st Dist.] 2000, pet. ref'd).
(not designated for publication). (1) The judgment of conviction is final.

 Relator has filed a petition for writ of mandamus requesting that this Court 
compel respondent (2) to rule on his motion to obtain a second writ of habeas corpus (3) 
 We have no authority to act on relator's complaint against respondent because
jurisdiction to grant post-conviction habeas corpus relief in felony cases rests
exclusively with the Texas Court of Criminal Appeals. Tex. Code Crim. Proc. Ann.
art. 11.07, § 3 (Vernon Supp. 2008); Board of Pardons & Paroles ex rel. Keene v.
Court of Appeals for the Eighth District, 910 S.W.2d 481, 483 (Tex. Crim. App.
1995).

 Accordingly, we dismiss the petition for writ of mandamus for want of
jurisdiction.

 We deny any pending motions as moot.

PER CURIAM


Panel consists of Justices Jennings, Higley and Sharp.

Do not publish. Tex. R. App. P. 47.2(b).
1. Our opinion sets out the background of the case as provided by the appellate
record:


 Appellant and complainant, Karen Hancock, were at a party
when appellant became violent. Appellant grabbed Hancock's
necklace and earrings, injuring her in the process. Appellant
pulled out a gun and threatened to kill complainant. Appellant
and two women at the party took complainant's credit cards and
keys, and demanded her personal identification number. Initially
complainant supplied a false PIN, but when her attackers
returned and began beating her she gave them the correct PIN. 
While appellant held Hancock at gunpoint, the two women used
her keys to get into Hancock's nearby apartment and stole her
television and two video cassette recorders. Although her
attackers warned her not to call the police, Hancock went to the
apartment manager to try to identity the occupant of the
apartment where she had been robbed and assaulted. She called
the police from the manager's office. The police located and
arrested appellant and one of the women who attacked Hancock;
Hancock identified them, and identified as hers the jewelry
found during a search of appellant's persons.
2. Relator names as respondent the Honorable Debbie Stricklin, Judge, 180th
District Court, Harris County, Texas. 
3. See Tex. Code Crim. Proc. Ann. Arts. 11.07, 11.59 (Vernon 2009).