NUMBER 13-10-00278-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG






IN RE JOSEPH WAYNE EL-MUSTAFA






On Petition for Writ of Mandamus.






MEMORANDUM OPINION



Before Justices Yañez, Rodriguez, and Garza


Memorandum Opinion Per Curiam (1)


 

 Relator, Joseph Wayne El-Mustafa, pro se, filed a petition for writ of mandamus in
the above cause on May 10, 2010, through which he contends that Rissie Owens and the
Board of Pardons and Paroles for the State of Texas, in their official capacities, have
improperly denied relator "proper parole review due to illegal consideration of information
not contained in his file."

 This Court's mandamus jurisdiction does not extend to the Board of Pardons and
Paroles. See Tex. Gov't Code Ann. § 22.221 (Vernon 2004); see also In re Gilbert, No.
09-10-00056-CV, 2010 Tex. App. LEXIS 1550, at *1-2 (Tex. App.-Beaumont Mar. 4, 2010,
orig. proceeding) (per curiam) (mem. op. not designated for publication); In re
Westmoreland, No. 05-09-00944-CV, 2009 Tex. App. LEXIS 6481, at *1-2 (Tex.
App.-Dallas Aug. 20, 2009, orig. proceeding) (per curiam) (mem. op. not designated for
publication); In re Chilton, No. 12-08-00277-CR, 2008 Tex. App. LEXIS 4671, at *1-2 (Tex.
App.-Tyler June 25, 2008, orig. proceeding) (per curiam) (mem. op. not designated for
publication). The issue herein is a purely post-conviction matter that does not implicate the
jurisdiction of this Court. See Tex. Gov't Code Ann. § 22.221; see also Bd. of Pardons &
Paroles ex. rel. Keene v. Court of Appeals for Eighth Dist., 910 S.W.2d 481, 482-83 (Tex.
Crim. App. 1995). 

 The Court, having examined and fully considered the petition for writ of mandamus,
is of the opinion that we lack jurisdiction to consider this matter. Accordingly, the petition
for writ of mandamus is DISMISSED FOR WANT OF JURISDICTION. See Tex. R. App.
P. 52.8(a). 

 PER CURIAM



Do not publish. See Tex. R. App. P. 47.2(b).


Delivered and filed the 

11th day of May, 2010.

 


 

1. See Tex. R. App. P. 52.8(d) ("When denying relief, the court may hand down an opinion but
is not required to do so."); Tex. R. App. P. 47.4 (distinguishing opinions and memorandum opinions).