Petition for Writ of
Mandamus Dismissed and Memorandum Opinion filed December 23, 2010.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-10-01220-CR

____________

 

IN RE JAMES THOMAS GREEN, Relator

 

 

 



ORIGINAL PROCEEDING

WRIT OF MANDAMUS

 

 

 



MEMORANDUM 
OPINION

            On December 13, 2010, relator James Thomas Green filed a
petition for writ of mandamus in this court.  See Tex. Gov’t Code Ann
§22.221; see also Tex. R. App. P. 52.1. In his petition, relator asks
that this court compel the respondent, the Honorable Joan Campbell, presiding
judge of the 248th District Court in Harris County, to rule on motions
presented to the respondent.  In the motions relator requests that the
respondent enter a judgment of acquittal in trial court cause number 715266. 
Relator asserts the abandonment of a paragraph in the indictment resulted in an
acquittal that is not reflected in the judgment.  

 

In 1995 a jury convicted relator of murder and the trial court sentenced
him to confinement for 35 years in the Institutional Division of the Texas
Department of Criminal Justice.  This court affirmed his conviction.  Green
v. State, No. 14-96-01536-CR, 1999 WL 33620 (Tex. App.—Houston [14th Dist.]
Jan. 28, 1999, pet. ref’d) (not designated for publication), cert. denied, 529
U.S.1059 (2000). 

The substance of the relief sought by relator in his
motions is habeas corpus relief following a final felony conviction. 
Therefore, relator’s motions are governed by article 11.07 of the Texas Code of
Criminal Procedure.  See Tex. Code Crim. Proc. Ann. art. 11.07 § 3. 
Article 11.07 provides the exclusive means to challenge a final felony
conviction.  Board of Pardons & Paroles ex rel. Keene v. Court of
Appeals for Eighth Dist., 910 S.W.2d 481, 483 (Tex. Crim. App. 1995).  Such
an application for writ of habeas corpus is returnable to the Court of Criminal
Appeals.  The Court of Criminal Appeals has indicated that it has jurisdiction
over original petitions for mandamus in which a relator is seeking to compel
the trial court judge to act on an application for habeas corpus relief.  See
McCree v. Hampton, 824 S.W.2d 578, 579 (Tex. Crim. App. 1992). Accordingly,
this court lacks jurisdiction over mandamus petitions in which the relator seeks
to compel a district court judge to perform duties under article 11.07, section
3 of the Code of Criminal Procedure.  See id; see also In re McAfee,
53 S.W .3d 715, 718 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding).  The
Court of Criminal Appeals has jurisdiction over such requests for mandamus
relief. See McCree, at 579.

Accordingly, we dismiss relator’s petition for lack
of jurisdiction.

 

                                                                                    PER
CURIAM

 

 

 

Panel
consists of Justices Anderson, Frost, and Brown.

Do Not Publish —
Tex. R. App. P. 47.2(b).