

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-11-00043-CR

_____

EX PARTE:   ZAKEE KALEEM ABDULLAH

On Appeal from the 202nd Judicial District Court
Bowie County, Texas
Trial Court No. 11F0008-202

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Zakee Kaleem Abdullah has filed two appeals, both from orders by a trial court denying the full relief sought in his application for habeas corpus. In this case, he was indicted for stealing between $1,500.00 and $20,000.00 from an individual. In the companion case, he was indicted for the criminal offense of holding himself out as a lawyer, although not licensed to practice law. Abdullah states that bail was set at $50,000.00 on the present offense, at $10,000.00 on the companion prosecution, and that he was also subject to a parole hold which caused his continued incarceration.

In both cases, Abdullah is representing himself. He filed an application for writ of habeas corpus on February 23, 2011, in which he sought habeas relief based upon arguments that (1) a parole hold unrelated to these offenses was violative of the supremacy clause of the United States Constitution, and (2) TEX. CODE CRIM. PROC. ANN. art. 17.151(i)(1) also requires his release on a personal bond because he had been in custody for ninety days, and the State was not ready for trial.

His efforts to obtain habeas relief under the parole hold are necessarily unavailing; as the State has correctly pointed out, such an action is a post-conviction application for writ of habeas corpus, and thus is solely within the jurisdiction and authority of the Texas Court of Criminal Appeals. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon Supp. 2010); *Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995). Thus, the trial court did not err by denying the application in part, as the application

2

for habeas to attack his continued incarceration under the parole hold is solely within the jurisdictional ambit of the Texas Court of Criminal Appeals.

Abdullah also contends that the court erred by denying his applications because as an indigent, the trial court's order lowering bail from $60,000.00 to $25,000.00 remains a bond which he, an indigent, cannot possibly make.   Thus, he argues, the court should have lowered his bond to the level of a personal recognizance bond because the amount was excessive, and because as a defendant who has chosen to represent himself—that failing to do so makes it impossible for him to adequately prepare his defense, in violation of federal constitutional requisites.

Abdullah argues that the state statutes and regulations conflict with his right to self-representation.   He neither specifies which statutes he complains of, nor does he explain how such a conflict occurs—save only that he was not released.   Abdullah argues that the Federal Constitution necessarily controls over state statutory law, and cites *Howlett v. Rose*, 496 U.S. 356 (1990), for that proposition.   That is true as an abstract statement, but there is no authority, federal or otherwise, which requires a defendant to be released from jail to act as his or her own attorney more effectively, and we will not stretch current law to create such authority.

Abdullah also argues that the State failed to show that it was ready for trial within the ninety day deadline specified by the Texas Code of Criminal Procedure, thus his release was required.   The State does not suggest either that the ninety days have not expired or that it was ready for trial.

Article 17.151 of the Texas Code of Criminal Procedure provides that if the State is not ready for trial within ninety days after commencement of detention for a felony, the accused "must be released either on personal bond or by reducing the amount of bail required, if the state is not ready for trial of the criminal action." TEX. CODE CRIM. PROC. ANN. art. 17.151, § 1 (Vernon Supp. 2010). The trial court thus has two options: release Abdullah on personal recognizance, or lower his bail. In this instance, the trial court reduced the amount of bail required on both of the prosecutions for which Abdullah is incarcerated. The requirements of the article were thus met. Error has not been shown.

We affirm the order of the trial court.

Jack Carter
Justice

Date Submitted:     June 6, 2011
Date Decided:       June 7, 2011

Do Not Publish