**Opinion issued November 21, 2012**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-12-00918-CR**

———————————

**MICHAEL HOSEA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 232nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 9415203**

**MEMORANDUM OPINION**

Appellant, Michael Hosea, attempts a third appeal of his March 31, 1995 conviction for murder. This Court previously affirmed the judgment of the trial

court. *Hosea v. State*, No. 01–95–00358–CR, 1997 WL 709453 (Tex. App.—Houston [1st Dist.] Nov. 6, 1997, pet. ref'd.) (mem. op., not designated for publication). In addition, the Court dismissed appellant's second appeal. *Hosea v. State*, No. 01–11–01050–CR, 2012 WL 2345351 (Tex. App.—Houston [1st Dist.] June 21, 2012, no pet.) (mem. op., not designated for publication).

On October 5, 2011, appellant filed a motion for new trial. The record reflects a notice from the district clerk to appellant, stating that the trial court denied the motion. On September 12, 2012, appellant filed a notice of appeal, stating that he sought to challenge the "district court's ruling on out-of time motion for new trial filed May 10, 2012, an appealable ruling."

The exclusive post-conviction remedy in final felony convictions in Texas courts, as here, is through a writ of habeas corpus pursuant to Texas Code of Criminal Procedure article 11.07. TEX. CODE CRIM. PROC. ANN. art. 11.07, § 5 (Vernon Supp. 2012) (providing that "[a]fter conviction, the procedure outlined in this Act shall be exclusive and any other proceeding shall be void and of no force and effect in discharging the prisoner"); *Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (holding that article 11.07 provides the exclusive means to challenge a final felony conviction). This Court lacks jurisdiction to consider appellant's appeal.

Accordingly, we dismiss the appeal for lack of jurisdiction. We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Bland and Huddle.

Do not publish.    TEX. R. APP. P. 47.2(b).