# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00013-CV

**In re Juan Robert Rodriguez**

## ORIGINAL PROCEEDING FROM BEXAR COUNTY

## M E M O R A N D U M   O P I N I O N

Juan Robert Rodriguez, an inmate appearing pro se, has filed an original application for writ of habeas corpus in this Court, relating to his conviction for arson, a felony. *See* Tex. Penal Code § 28.02. Rodriguez is serving a 20-year sentence as a result of his conviction. Rodriguez requests that this Court issue a writ of habeas corpus and order a hearing in the trial court with regard to the legality of Rodriguez's continued detention.

We do not have jurisdiction over Rodriguez's request. This Court's original jurisdiction to issue a writ of habeas corpus is limited to those cases in which a person's liberty is restrained because the person has violated an order, judgment, or decree entered in a civil case.[1]

---

[1] Article 11.07 of the Code of Criminal Procedure vests complete jurisdiction over post-conviction relief from final felony convictions in the Texas Court of Criminal Appeals. Tex. Code Crim. Proc. art. 11.07, § 5; *Board of Pardons & Paroles ex rel. Keen v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995). While a post-conviction application for habeas relief under article 11.07 must be filed in the court of original conviction, that court does not decide the merits of the application, but simply makes any necessary findings of fact and forwards the record to the Texas Court of Criminal Appeals for a final ruling. *See* Tex. Code Crim. Proc. art. 11.07, §§ 3, 5.

*See* Tex. Gov't Code § 22.221(d).  In addition, our authority to issue habeas relief is limited to those cases in which the person is being restrained in our court of appeals district.  *See id.*  Our court of appeals district does not include Bexar County, where Rodriguez was convicted, or Terry County, where Rodriguez is currently incarcerated.  *See id.* § 22.201(d).

Accordingly, we dismiss this original proceeding for want of jurisdiction.

_____

Scott K. Field, Justice

Before Chief Justice Rose, Justices Goodwin and Field

Filed:   January 30, 2015

2