

# NUMBERS 13-15-00411-CR, 13-15-00412-CR, AND 13-15-00413-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

| | |
|---|---|
| **RYAN EDWARD BRUSH,** | **Appellant,** |
| **v.** | |
| **THE STATE OF TEXAS,** | **Appellee.** |

## On Appeal from the 156th District Court
## of Bee County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Perkes
### Memorandum Opinion Per Curiam

Appellant, Ryan Edward Brush, proceeding pro se, filed a notice of appeal seeking to challenge an order denying his motion for appointment of counsel to file an application for a post-conviction writ of habeas corpus. On September 10, 2015, the Clerk of this Court notified appellant that it appeared that the order from which the appeal was taken

was not an appealable order, and requested correction of this defect within ten days or the appeal would be dismissed. Appellant has failed to respond to the Court's directive.

A post-conviction writ of habeas corpus applicant is not constitutionally entitled to appointment of counsel, although counsel may be appointed whenever "the interest of justice require representation." *Ex parte Graves*, 70 S.W.3d 103, 11 (Tex. Crim. App. 2002); Tex. Code Crim. Proc. Ann. Art 1.051(d)(3)(West Supp. 2014). Only the judges of county courts, statutory county courts, and districts courts trying criminal cases in each county are authorized to appoint counsel for indigent defendants in the county. *See id.* Art. 26.04(a), (b)(1).

Jurisdiction to grant post-conviction habeas corpus relief in felony cases rests exclusively with the Texas Court of Criminal Appeals. TEX. CODE CRIM. PROC. ANN. art. 11.07, § 5 (Vernon Supp. 2011); *Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995); *In re McAfee*, 53 S.W .3d 715, 717–18 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding). Therefore, we are without jurisdiction to grant the requested relief.

The appeals are DISMISSED for want of jurisdiction.


PER CURIAM

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Delivered and filed the
5th day of November, 2015.

2