# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-16-00852-CR

**Rhondy Davis, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT
### NO. D-1-DC-13-300423, HONORABLE P. DAVID WAHLBERG, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Rhondy Davis, appearing pro se, filed a "Motion to Appeal by Permission" in the trial court, stating that he desires to "appeal to the Texas Court of Criminal Appeals under Rule 5 of the Federal Rules of Appellate Procedure from the judgment from order of application for habeas corpus relief under 28 U.S.C. § 2254, No. W-15-CA-212." He indicates that on October 13, 2016, the federal court denied his application for failure to exhaust his claim in the Texas Court of Criminal Appeals.[1] This Court lacks jurisdiction to grant habeas corpus relief from final felony convictions. *See* Tex. Code Crim. Proc. art. 11.07 (establishing procedure for application for writ of habeas corpus). Article 11.07 provides the exclusive means to challenge a

---

[1] The record reflects that on July 30, 2014, the Texas Court of Criminal Appeals dismissed Davis's application for writ of habeas corpus without written order for non-compliance with Texas Rule of Appellate Procedure 73.1.

final felony conviction.[2]  *Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995).  Accordingly, we dismiss the appeal for want of jurisdiction.

_____

Cindy Olson Bourland, Justice

Before Chief Justice Rose, Justices Field and Bourland

Dismissed for Want of Jurisdiction

Filed:   January 13, 2017

Do Not Publish

_____

[2] "An application for writ of habeas corpus filed after final conviction in a felony case, other than a case in which the death penalty is imposed, must be filed with the clerk of the court in which the conviction being challenged was obtained, and the clerk shall assign the application to that court. When the application is received by that court, a writ of habeas corpus, returnable to the Court of Criminal Appeals, shall issue by operation of law."  Tex. Crim. Proc. Code Ann. art. 11.07 § 3(b).

2