

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00323-CR

**IN RE** John Eric **GINN**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:      Karen Angelini, Justice
             Marialyn Barnard, Justice
             Luz Elena D. Chapa, Justice

Delivered and Filed:  May 30, 2018

PETITION FOR WRIT OF MANDAMUS DISMISSED FOR LACK OF JURISDICTION

On August 7, 2009, relator was sentenced to twenty-five years confinement, plus a fine, for murder.  On November 10, 2010, this court dismissed his appeal for lack of jurisdiction because his notice of appeal was not timely-filed.  Our mandate issued on January 12, 2011.  On May 16, 2018, relator filed a petition for writ of mandamus asking this court to order the trial court to declare the sentence in his underlying conviction void.

This court does not have jurisdiction to consider relator's request for mandamus relief. Texas Code of Criminal Procedure article 11.07 provides the exclusive means to challenge a final felony conviction.  TEX. CODE CRIM. PROC. ANN. art. 11.07 § 5 (West 2015); *Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App.

---

[1] This proceeding arises out of Cause No. 2008-CR-1279, styled *The State of Texas v. John Eric Ginn*, pending in the 379th Judicial District Court, Bexar County, Texas, the Honorable Ron Rangel presiding.

1995) (orig. proceeding) (per curiam). Jurisdiction to grant post-conviction habeas corpus relief on a final felony conviction rests exclusively with the Texas Court of Criminal Appeals. TEX. CODE CRIM. PROC. art. 11.07 § 3(a); *Keene*, 910 S.W.2d at 483. Because the relief sought in relator's petition relates to post-conviction relief from an otherwise final felony conviction, we are without jurisdiction to consider his petition for writ of mandamus.

Accordingly, we dismiss relator's petition for writ of mandamus for lack of jurisdiction.

PER CURIAM

Do not publish