**Petition for Writ of Mandamus Dismissed and Memorandum Opinion filed September 20, 2018.**



In The

# Fourteenth Court of Appeals

### NO. 14-18-00808-CR

### IN RE BRETT DAVID BOGUS, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**176th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1433472**

---

### MEMORANDUM OPINION

On September 12, 2018, relator Brett David Bogus filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West Supp. 2017); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Stacey W. Bond, presiding judge of the 176th District Court of Harris

County, to grant his motion for new trial and dismissal, which relator alleges that the judge denied on August 15, 2018 because it was time barred.

Relator entered a plea of guilty to theft over $200,000 and the trial court sentenced appellant to confinement for twenty years. Our court affirmed that judgment on appeal. *See Bogus v. State*, No. 14-15-00832-CR, 2017 WL 1366674 (Tex. App.—Houston [14th Dist.] Apr. 13, 2017, pet. ref'd) (per curiam) (mem. op.).

This court does not have jurisdiction to consider relator's request for mandamus relief. Texas Code of Criminal Procedure article 11.07 provides the exclusive means to challenge a final felony conviction. Tex. Code Crim. Proc. Ann. art. 11.07 § 5 (West 2015); *Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (orig. proceeding) (per curiam). Jurisdiction to grant post-conviction habeas corpus relief on a final felony conviction rests exclusively with the Texas Court of Criminal Appeals. Tex. Code Crim. Proc. art. 11.07 § 3(a); *Keene*, 910 S.W.2d at 483. Because the relief sought in relator's petition relates to post-conviction relief from an otherwise final felony conviction, we are without jurisdiction to consider his petition for writ of mandamus.

Accordingly, we dismiss relator's petition for writ of mandamus for lack of jurisdiction.


PER CURIAM

Panel consists of Justices Donovan, Wise, and Jewell.
Do Not Publish — Tex. R. App. P. 47.2(b).