

# NUMBER 13-18-00468-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

GUSTAVO LOPEZ MIRELES,                                           Appellant,

v.

THE STATE OF TEXAS,                                              Appellee.

## On appeal from the 332nd District Court
## of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Longoria and Hinojosa
Memorandum Opinion by Justice Hinojosa**

Appellant, Gustavo Lopez Mireles, proceeding pro se, attempts to appeal from an

order denying his motion to recuse the trial court judge in a post-conviction habeas corpus

proceeding.   We dismiss this appeal for lack of jurisdiction.

This Court previously affirmed appellant's conviction for murder on direct appeal. *See Mireles v. State*, No. 13-02-00706-CR, 2005 WL 1492078, at *7 (Tex. App.—Corpus Christi June 23, 2005, pet. ref'd) (mem. op. not designated for publication). Appellant filed a motion to recuse the trial court judge from proceeding over his application for writ of habeas corpus. The trial court referred the motion to the presiding judge for the administrative region, who denied the motion for recusal.

On September 10, 2018, the Clerk of this Court notified appellant that it appeared that the order was not appealable and that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive. Appellant filed a response stating he was refiling his notice of appeal and appealable orders and asks this Court to grant his appeal.

Jurisdiction to grant post-conviction habeas corpus relief in felony cases rests exclusively with the Texas Court of Criminal Appeals. TEX. CODE CRIM. PROC. ANN. art. 11.07, § 5 (West, Westlaw through 2017 1st C.S.); *Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995); *In re McAfee*, 53 S.W .3d 715, 717–18 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding). A trial court's ruling on a motion to recuse stemming from an 11.07 application for writ of habeas corpus is not reviewable by direct appeal to courts of appeals. *See Ex parte Banister*, No. 07-09-0128-CR, 2009 WL 1978222, *1 (Tex. App.—Amarillo July 7, 2009, no pet.) (not designated for publication).

Accordingly, the appeal is DISMISSED FOR LACK OF JURISDICTION. *See* TEX. R. APP. P. 42.3(a).

LETICIA HINOJOSA
Justice

2

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
6th day of December, 2018.