

## Fourth Court of Appeals
### San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-20-00053-CR

**IN RE** Deagobeto **OSEGUERA-GARCIA**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:      Sandee Bryan Marion, Chief Justice
                Patricia O. Alvarez, Justice
                Beth Watkins, Justice

Delivered and Filed: February 5, 2020

PETITION FOR WRIT OF MANDAMUS DISMISSED FOR LACK OF JURISDICTION

On June 4, 2019, the trial court signed an "Order Designating Issues," pursuant to Texas Code of Criminal Procedure article 11.07, section 3(d). *See* TEX. CODE CRIM. PROC. art. 11.07, § 3(d) ("If the convicting court decides that there are controverted, previously unresolved facts which are material to the legality of the applicant's confinement, it shall enter an order within 20 days of the expiration of the time allowed for the state to reply, designating the issues of fact to be resolved."). Also on June 4, 2019, the trial court ordered attorneys Larry Bloomquist and Raymond Deleon to file affidavits on or before June 28, 2019, addressing the issues of fact to be resolved. *See id.* ("To resolve those issues the court may order affidavits . . . ."). Mr. Bloomquist and Mr. Deleon were also ordered to provide copies of their affidavit to relator and the Bexar

---

[1] This proceeding arises out of Cause No. 2011-CR-1453-W1, styled *Ex Parte Deagobeto Oseguera-Garcia*, pending in the 226th Judicial District Court, Bexar County, Texas, the Honorable Velia J. Meza presiding.

County Conviction Integrity Unit. On January 27, 2020, relator filed his petition for writ of mandamus asking this court to direct the trial court to order the attorneys to file their affidavits. After relator filed his petition, this court contacted the Bexar County Conviction Integrity Unit to ascertain whether it had received copies of the affidavits. We were informed no affidavits had been filed.

Although it appears Mr. Bloomquist and Mr. Deleon may be in violation of a trial court order, we do not have jurisdiction to consider relator's complaint. The substance of the relief sought by relator in his petition is habeas corpus relief following a final felony conviction. Article 11.07 provides the exclusive means to challenge a final felony conviction. *Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (orig. proceeding) (per curiam). Jurisdiction to grant post-conviction habeas corpus relief on a final felony conviction rests exclusively with the Texas Court of Criminal Appeals. *Keene*, 910 S.W.2d at 483; TEX. CODE CRIM. PROC. art. 11.07, § 3(a). Because the relief sought in relator's petition relates to post-conviction relief from an otherwise final felony conviction, we are without jurisdiction to consider his petition for writ of mandamus. Therefore, we must dismiss relator's petition for writ of mandamus for lack of jurisdiction.

PER CURIAM

Do not publish