# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-20-00480-CV

---

**In re Mario Willis Hill**

---

### ORIGINAL PROCEEDING FROM TRAVIS COUNTY

---

## M E M O R A N D U M   O P I N I O N

Mario Willis Hill is currently incarcerated after being convicted of murder. Hill has filed an application for writ of habeas corpus alleging that the Texas Board of Pardons and Paroles (the "Board") used arbitrary and "capricious procedures in its parole decision-making process" that violated his constitutional rights under the United States and Texas Constitutions. Accordingly, Hill requests that this Court issue an order invalidating the Board's procedures used in determining his parole eligibility, prohibiting the Board from using certain factors in making their parole determination, requiring the Board to "apply a valid procedure," granting him a parole hearing, affording him the opportunity to review all the documents in his parole file and to challenge those documents if they contain incorrect information, and requiring that he be interviewed by a Parole Commissioner.

This Court does not have original habeas-corpus jurisdiction in criminal cases. *See* Tex. Const. art. V, § 6 (explaining that appellate courts "have original or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law"); Tex. Gov't Code § 22.221(d) (authorizing habeas-corpus jurisdiction for intermediate appellate courts where

person's liberty is restrained "by virtue of order, process, or commitment issued by" court or judge in civil case); *see also* Tex. Code Crim. Proc. art. 11.05 (vesting "power to issue the writ of habeas corpus" in "[t]he Court of Criminal Appeals, the District Courts, the County Courts, or any Judge of said Courts"). Similarly, this Court does not have post-conviction jurisdiction in felony cases. *See* Tex. Code Crim. Proc. art. 11.07, § 3; *Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995); *see also In re Harrison*, No. 06-08-00098-CV, 2008 WL 4147325, at \*1 (Tex. App.—Texarkana Sept. 10, 2008, orig. proceeding [mand. denied]) (mem. op.) (explaining that "the sole method for a collateral attack on a [final] felony conviction is through an application for a writ of habeas corpus" filed under "Article 11.07 of the Texas Code of Criminal Procedure"). "As an intermediate appellate court, our habeas-corpus jurisdiction in criminal matters is appellate only." *See In re Wilkins*, No. 03-20-00381-CV, 2020 WL 5608486, at \*1 (Tex. App.—Austin Sept. 17, 2020, orig. proceeding) (mem. op.).

To the extent that Hill's filing can be viewed as a petition for writ of mandamus, we must similarly conclude that he is not entitled to his requested relief. As an appellate court, this Court has the authority to issue a writ of mandamus against certain judicial officials and to issue other writs that are necessary to enforce our appellate jurisdiction. *See* Tex. Gov't Code § 22.221(b). The Board is not one of the judicial officials against whom we may issue a writ of mandamus, and Hill has not demonstrated that a writ must be issued in order to enforce our jurisdiction. *See In re Noble*, No. 03-13-00011-CV, 2013 WL 238710, at \*1 (Tex. App.—Austin Jan. 18, 2013, orig. proceeding [mand. denied]) (mem. op.); *In re Macks*, No. 03-12-00017-CV, 2012 WL 254686, at \*1 (Tex. App.—Austin Jan. 27, 2012, orig. proceeding) (mem. op.); *In re*

*Wright*, No. 03-10-00314-CV, 2010 WL 2540480, at *1 (Tex. App.—Austin June 24, 2010, orig. proceeding) (mem. op.).

In addition, Hill had the burden of providing this Court "with a sufficient petition and record to establish his right to mandamus relief." *See In re Martin*, No. 13-10-00336-CR, 2010 WL 2643086, at *1 (Tex. App.—Austin June 25, 2010, orig. proceeding) (mem. op., not designated for publication). In particular, Hill was required to file an appendix to his petition containing, among other things, "a certified or sworn copy of any order complained of, or any other document showing the matter complained of." Tex. R. App. P. 52.3(k). Further, Hill was required to file with his petition a record containing sworn copies "of every document that is material to [his] claim for relief and that was filed in any underlying proceeding." *Id.* R. 52.7(a). Hill has failed to meet these requirements and, therefore, failed to provide a petition and record that are sufficient to establish his right to the requested relief. *See In re Martin*, 2010 WL 2643086, at *1; *In re Randle*, No. 01-07-00598-CR, 2007 WL 2129074, at *1 (Tex. App.—Houston [1st Dist.] July 26, 2007, orig. proceeding) (mem. op., not designated for publication).

For these reasons, we dismiss Hill's application for writ of habeas corpus for want of jurisdiction. *See* Tex. R. App. P. 52.8(a).

_____

Thomas J. Baker, Justice

Before Chief Justice Rose, Justices Baker and Kelly

Filed: October 23, 2020

3