# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-20-00073-CV

### Kirk Wayne McBride, Appellant

### v.

### Pamela Theilke, Michael Arellano, Texas Board of Pardons and Paroles, David Gutierrez, and Rachel Alderete, Appellees

### FROM THE 353RD DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-17-005456, THE HONORABLE KARIN CRUMP, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Kirk Wayne McBride brings this appeal after the trial court signed an order dismissing his suit for lack of subject matter jurisdiction. We will affirm.

## BACKGROUND

McBride, an inmate incarcerated in the Institutional Division of the Texas Department of Criminal Justice in Huntsville, Texas, alleged that in October 2014, the Texas Board of Pardons and Paroles issued a Parole Certificate granting him release on parole. *See* 37 Tex. Admin. Code §§ 141.111(28) (Tex. Bd. of Pardons & Paroles, Definitions) (defining "parole certificate" as order of Board incorporating terms and conditions of release), 145.20 (Tex. Bd. of Pardons & Paroles, Parole Certificate) (providing that parole certificate shall be issued when parole plan has been approved but parole approval is not effective until offender has executed formal parole agreement). On November 15, 2014, McBride signed a document

entitled "Certificate of Parole-General Conditions of Parole Release." *See id.* § 145.22 (Tex. Bd. of Pardons & Paroles, Conditions and Rules of Parole) (providing that every offender approved for release on parole shall be issued written statement listing conditions and rules of parole and and offender prior to release must agree to and accept such conditions and rules of parole). McBride alleged that although the Parole Certificate included certain "Special Conditions," those "Special Conditions" were not contained in the "Certificate of Parole-General Conditions of Parole and Release" that he signed on November 15, 2014. *See* Tex. Gov't Code § 508.0441(a)(2) (providing Board members and parole commissioners shall determine conditions of parole or mandatory supervision, including special conditions).

McBride alleged that in February 2017, Michael Arellano, a parole officer for the Texas Department of Criminal Justice Parole Division, prepared a violation report, resulting in the execution of a pre-revocation warrant on February 17, 2017. McBride alleged that Arellano informed him the next day that he had a right to have a preliminary hearing to determine whether there was probable cause or reasonable grounds to believe that McBride violated a condition of parole. McBride requested a preliminary hearing, and he alleges that after the hearing the Texas Board of Pardons and Paroles elected not to revoke his parole and imposed a special condition that McBride participate in and successfully complete an Intermediate Sanction Facility Program. According to McBride, the Board did not impose any other special conditions or "reaffirm" any pre-existing special conditions.

McBride alleged that in July 2017, Arellano prepared another violation report, resulting in the execution of a pre-revocation warrant on July 12, 2017. The violation report stated that McBride was in the custody of the Guadalupe County Sheriff Department, which the report stated was a violation of one or more conditions of McBride's release. McBride

2

again requested a preliminary hearing after which the Board held a revocation hearing and revoked McBride's parole. McBride alleged that David Gutierrez, the Board's chairman, issued a "Proclamation of Revocation and Warrant of Arrest."

McBride alleged that in September 2017, he filed a request to reopen the case on the ground that the evidence was insufficient to support a finding that he violated one or more conditions of release as set out in the certificate of release. *See* 37 Tex. Admin. Code § 146.11 (Tex. Bd. of Pardons & Paroles, Releasee's Motion to Reopen Hearing or Reinstate Supervision). McBride alleged that the Board granted the motion and, as a result, effectively set aside the July 2017 revocation of his parole. *See id.* § 146.12 (Tex. Bd. of Pardons & Paroles, Procedure after Motion to Reopen is Granted; Time; Rights of the Releasee; Final Disposition) (providing that when parole panel grants motion to reopen, previous disposition made by parole panel shall be set aside and be of no force and effect). McBride alleged that, since September 2017, Gutierrez has not issued a further proclamation of revocation and warrant of arrest. McBride further alleges that the "Certificate of Parole-General Conditions of Parole and Release" that he signed in November 2014 only included the conditions listed in that document, and not other special conditions contained in the "Parole Certificate." McBride alleges that he informed Gutierrez; Pamela Thielke, the Director of the Texas Department of Criminal Justice-Parole Division; and Rachel Alderte, the Director of Hearing Operations of the Texas Department of Criminal Justice-Parole Division; that Arellano had filed a violation report that erroneously stated that McBride had violated a condition of his release because the condition alleged to have been violated was not one included in the "Certificate of Parole-General Conditions of Parole and Release" that he had signed. McBride alleged that the irregularities in the parole revocation process occurred, and were not corrected, because of his race, and that the conduct of the named defendants

3

violated the 13th Amendment to the United States Constitution because it resulted in his "forced servitude" and violated his civil rights. *See* 42 U.S.C. § 1983 (providing individual right to sue government employees and others acting under color of state law for civil rights violations).

Each of the defendants filed a plea to the jurisdiction in which they argued that the trial court lacked subject matter jurisdiction over McBride's claims because his claims were based on alleged irregularities in parole proceedings and were required to be brought in a writ of habeas corpus filed in the convicting court pursuant to Texas Code of Criminal Procedure 11.07.[1] The trial court granted the pleas to the jurisdiction and dismissed the case. This appeal followed.

## DISCUSSION

The claims McBride asserted in this suit are all based on alleged irregularities related to the revocation of his parole. Texas courts have held that a person alleging irregularities occurring during parole proceedings should raise those issues by way of a post-conviction application for writ of habeas corpus under article 11.07 of the Texas Code of Criminal Procedure. *See Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) ("A claim that parole or other form of administrative release has been unlawfully revoked must be brought to the attention of the convicting court."). The Court of Criminal Appeals retains the exclusive authority to grant relief in such a proceeding. *See* Tex. Code Crim. Proc. art. 11.07. Because a writ of habeas corpus is the exclusive remedy for addressing irregularities occurring during parole proceedings, the trial

---

[1] The pleas to the jurisdiction were filed before McBride filed his Third Amended Original Petition. At the hearing on the pleas to the jurisdiction, McBride informed the court that he had put the amended pleading in the prison mail, and the trial court stated that it would defer its ruling on the pleas to the jurisdiction until McBride's amended pleading had been filed with the court. The Third Amended Original Petition was filed on December 5, 2019, and the trial court signed an order granting the pleas to the jurisdiction on January 8, 2020.

4

court did not have jurisdiction to grant McBride any relief for the alleged irregularities in the revocation of his parole. Similarly, the trial court did not have jurisdiction over McBride's claims that the irregularities in the revocation proceeding were the result of unlawful discrimination or otherwise violated his constitutional rights. The United States Supreme Court has held that an inmate in state custody cannot use a section 1983 action to challenge "the fact or duration of his confinement." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). Instead, the inmate should file a petition for writ of habeas corpus. *Id.*; *see Thompson v. Aliseda*, No. 13-08-00417-CV, 2009 WL 200994, at *2 (Tex. App.—Corpus Christi-Edinburg Jan. 29, 2009, pet. denied) (mem. op.). In this case, McBride argues that his parole was revoked and his confinement extended because the Board of Pardons and Paroles and other government officials engaged in unlawful discrimination. Such claims should be asserted in a petition for writ of habeas corpus. *See Thompson*, 2009 WL 200994, at *2.

A writ of habeas corpus is the exclusive remedy for addressing the alleged irregularities in the parole revocation proceedings and for asserting claims that McBride's confinement has been extended as the result of unlawful discrimination. The trial court did not err in determining that it lacked subject-matter jurisdiction over McBride's claims, granting the pleas to the jurisdiction, and dismissing the suit.[2]

## CONCLUSION

For the reasons stated in this opinion, we affirm the trial court's judgment.

---

[2] Having concluded that the trial court lacked subject-matter jurisdiction over McBride's suit, we need not address his claim that, before dismissing the case for lack of subject-matter jurisdiction, the trial court erroneously denied his motion for summary judgment. *See* Tex. R. App. P. 47.3.

5

_____

Thomas J. Baker, Justice

Before Chief Justice Byrne, Justices Baker and Kelly

Affirmed

Filed:   April 30, 2021