

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-21-00266-CV

———————————————————

IN RE KEVIN ELIJAH STEPHEN, Relator

---

Original Proceeding
Criminal District Court No. 4 of Tarrant County, Texas
Trial Court No. 1394791D

---

Before Sudderth, C.J.; Kerr and Walker, JJ.
Per Curiam Memorandum Opinion

# MEMORANDUM OPINION

Relator filed this mandamus proceeding asking that we compel the trial court to rule on the merits of his habeas application or forward his application to the Court of Criminal Appeals. Relator asserts that he was arrested on a parole revocation warrant but has not received a parole revocation hearing and that he filed an application for habeas relief on which the trial court has taken no action. This court has considered relator's petition for writ of mandamus and is of the opinion that relief must be denied.

Although parole is a form of restraint from which an applicant may pursue post-conviction remedies under Code of Criminal Procedure Article 11.07, only the Court of Criminal Appeals has jurisdiction to grant such relief. Tex. Code Crim. Proc. Ann. art. 11.07; *Bd. of Pardons & Paroles ex rel. Keene v. Ct. of App. for Eighth Dist.*, 910 S.W.2d 481, 483–84 (Tex. Crim. App. 1995). Neither this court nor the trial court may determine the merits of relator's habeas application. *See Keene*, 910 S.W.2d at 484; *cf. In re Belton*, No. 12-13-00293-CR, 2014 WL 2003108, at *2 (Tex. App.—Tyler May 14, 2014, orig. proceeding) (mem. op.) (holding that the trial court had no duty to rule on Belton's mandamus petition based on parole revocation irregularities because the trial court had no jurisdiction to grant relief). Further, we have no authority to compel the trial court to rule on any matters related to relator's pending application or to compel the trial court clerk to forward relator's application to the Court of Criminal Appeals. *See* Tex. Gov't Code Ann. § 22.221; *In re Sheppard*, No. 02-17-

1

00141-CV, 2017 WL 2351094, at *1 (Tex. App.—Fort Worth May 5, 2017, orig. proceeding) (per curiam) (mem. op.) (stating that this court has no mandamus jurisdiction over trial court clerk); *In re Bluitt*, No. 02-13-00420-CV, 2013 WL 6579142, at *1 (Tex. App.—Fort Worth Dec. 13, 2013, orig. proceeding) (per curiam) (mem. op.) (noting that applicant complaining about convicting court's inaction on habeas petition should seek mandamus relief from the Court of Criminal Appeals). Accordingly, relator's petition for writ of mandamus is denied.

Per Curiam

Delivered: September 10, 2021