**Opinion filed June 30, 2022**



In The

# Eleventh Court of Appeals

_____

## No. 11-22-00160-CR

_____

## IN RE EDDIE DALE UNDERWOOD

**Original Mandamus Proceeding**

### M E M O R A N D U M   O P I N I O N

Relator, Eddie Dale Underwood, has filed a pro se petition for writ of mandamus in this court. He requests that we direct the Honorable Judge Brooks Hagler, district judge of the 259th District Court, to vacate an allegedly "void order" and to take other necessary steps to cure the problems caused by that order. Relator also asks that we direct the trial court to conduct a "probable cause hearing." We deny the habeas relief requested by Relator.

While we agree with Relator that mandamus may issue to nullify a void order, *see State ex rel. Eidson v. Edwards*, 793 S.W.2d 1, 5 (Tex. Crim. App. 1990), we cannot agree that the ruling about which Relator complains constitutes a "void order." The allegedly "void order" about which Relator complains is a letter ruling dated April 12, 2022, in which the trial court denied Relator's request for a hearing

and informed Relator that the trial court no longer had jurisdiction over Relator's case. Prior to the trial court's letter ruling, Relator had filed a writ of habeas corpus in the trial court, purportedly pursuant to Article 11.08, and had requested a "probable cause hearing" to test the legality of his confinement. *See* TEX. CODE CRIM. PROC. ANN. art. 11.08 (West 2015). After issuing the April 12 letter ruling, the trial court signed an order on April 21, 2022, in which the trial court denied Relator's Article 11.08 writ of habeas corpus.[1] The trial court explained in its April 21 order that it was without jurisdiction to grant the "pre-conviction relief" requested by Relator because Relator had already "been convicted" and "sentenced" in the cause for which Relator sought relief under Article 11.08.

Article 11.08 provides for habeas relief for an individual who is confined after indictment on a felony charge. *Id.*; *Ward v. State*, No. AP-77,096, 2020 WL 3265251, at *1 (Tex. Crim. App. June 17, 2020). As noted by the Court of Criminal Appeals, an indicted defendant—if "not yet finally convicted"—may file an Article 11.08 writ of habeas corpus in the district court. *Ward*, 2020 WL 6275251, at *1. Thus, an individual who has been finally convicted of a felony and sentenced to imprisonment may not seek habeas relief under Article 11.08; he must instead file an Article 11.07 writ application. *See* CRIM. PROC. arts. 11.07, 11.08; *Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (orig. proceeding) ("Article 11.07 provides the exclusive means to challenge a final felony conviction."); *see also Ex parte Sayyed*, No. 05-19-01460-CR, 2019 WL 6696034, at *1 (Tex. App.—Dallas Dec. 9, 2019, no pet.) (mem. op., not designated for publication).

---

[1]We note that Relator filed an appeal from the trial court's order. On this same date, this court has dismissed that appeal, our Cause No. 11-22-00137-CR, for want of jurisdiction.

Because Relator has been finally convicted in the underlying cause, he is no longer entitled to any relief under Article 11.08 and is, therefore, not entitled to a probable cause hearing. Accordingly, neither the trial court's April 12 letter ruling nor the April 21 order constitutes a "void order." Relator is therefore not entitled to the mandamus relief that he now seeks in this court.

Relator's petition for writ of mandamus is, in all things, denied.

PER CURIAM

June 30, 2022

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.