85,166-01

Cause No. 09-04380-CRF-361-A

In The Court of Criminal Appeals

Austin, Texas

In Re: Richard Lopez #16739-19
Relator

Petition From The 361St Judicial District

of

Brazos County, Texas

Honorable Jude Langley, District Judge

Appellants Original Mandamus Proceeding

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAY 31 2016

Abel Acosta, Clerk

Richard Lopez#1673749
Mark W. Stiles Unit
3060 Route 3514
Beaumont, Texas 77705-7635

## TABLE OF CONTENTS

|                              | Pg.# |
|------------------------------|------|
| INDENTITY OF PARTIES         | 2    |
| INDEX OF AUTHORITIES         | i    |
| STATEMENT OF THE CASE        | 5    |
| STATEMENT OF FACTS           | 5    |
| STATEMENT OF JURISDICTION    | 5    |
| ISSUES TO BE PRESENTED       | 5    |
| ARGUMENT, WRIT OF MANDAMUS   | 6-8  |
| PRAYER                       | 8    |
| VERIFICATION                 | 9    |
| CERTIFICATE OF SERVICE       | 9    |
| MOTION FOR LEAVE.            | 1    |

# INDEX OF AUTHORITIES

CASE'S                                                                    Pg.#

Board of Pardon & Parole V. Court Appeals,910 S.W.2d 481,483(Tx.Cr.App.1995)  8

McCREE V. Hamton,824 S.W. 2d 578 (Tex.Crim.App.1992)                      7,8


## STATUTES

Texas C.C.P. Art.11.07                                                    3,5,6

Texas C.C.P. Art.11.07 (b)                                                   6

Texas C.C.P. Art.11.07 (c)                                                3,7,8,9

Texas C.C.P. Art.11.07 (d)                                                6,7,8

Texas R.A.P. Rule 73(5)                                                   5,6,7,8,9

'Texas R.A.P. 52                                                             5

Texas Govt.Code §22.221                                                      5

## STATUTES

T.R.A.P. 72.1 ;72.2                                                          1,2

T.R.A.P. 73(5)                                                                1

V.A.C.C.P. Art.11.07 §3(c)(d)                                                 2

V.A.C.C.P. 404 §1                                                            1,2

## CONSTITUTION

Texas Const.Art.5 §5                                                          1

The Court of Criminal Appeals (Clerk)
P.O.Box 12308 Capital Station
Austin, Texas 78711


Re; Writ of Mandamus§


Dear Mr.Acosta; (greeting)

    Please find enclosed the original and (2) copies of the
following documents to be filed for review:

    (1) Application for Writ of Mandamus with Brief in Support.
    (2) MOTION for Leave.
In addition, please allow me to be excused from providing any
additional copies pursuant to T.R.A.P. Rule 2, whereas, I am
incarcerated and indigent and have no means of making additional
copies.



Submitted LH,s    Day of 2016        Sincerely,
                                     Thankful
                                     Richard Lopez (Pro•se)
                                     Beaumont, Texas 77705




4.

## Identity of Parties and Counsel

### Respondent

Honorable Judge Langley
361 St District Judge
Brazos County, Texas

### Relator

Richard Lopez (Pro-Se)
3060 FM 3514
Beaumont, Texas 77705-7635

### Real Parties of Interest
Honorable Judge Langley
District Judge

In Re Richard Lopez #1673749

Cause No. 09-04380-CRF-361-A

Richard Lopez, Relator          §
T.D.C.J. ID# 1673749            §


V.                              §          IN THE COURT OF CRIMINAL
                                §          APPEALS, AUSTIN, TEXAS
Judge Langley                   §
361st District Judge
Brazos, County, Texas           §
                                §
                                §
In her/his official Capacity    §
            Respondant

A. PLANTIFF'S ORIGINAL APPLICATION FOR WRIT OF MANDAMUS

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, Richard Lopez, Relator, pro-se in the above styles and numbered cause of action and files this original application for writ of mandamus, pursuant to article 11.07 sec. (c) of the Texas Code of Criminal Procedure, and would show the court the following:

B. RELATOR

1.01 Richard Lopez, TDCJ#1673749 is an offender incarcerated in the Texas Department of Criminal Justice and is appearing pro-se; who can be located at the Mark W, Stiles Unit, Jefferson County, Texas 77705-7635.

1.02 Relator has exhausted his remedies and has no other adequate remedy of law.

1.03 Relator has filed a motion for summary judgement on or about Feb. 2016.

1.04 The act sought to be compelled is material, not discretionary in nature.

6.

T.C.C.P Art. 11.07

Section 3 (c) required the clerk to immediately transmit to the Court of Criminal Appeals a copy of the application for writ of Habeas Corpus, any answers filed, and a certificate reciting the date upon which that finding was made, if the convicting court decides that there are no issues to be resolved no copy of the application for writ of Habeas Corpus and answers, filed and certificate reciting the date upon which that finding was made have been transmitted to the \ Court of Criminal Appeals..

1.05 T.R.A.P. Rule 73(5)

For the trial courts, the rule changes impose a time limit for resolving a 10.07 claim. Art. 11.07 does not place a time limit on the court before these changes, once the trial court signed an order designating issues (ODI) when 20 days of States deadline, there were no further deadlines. The lack of firm deadlines has created concerns that some trial courts were taking too long to resolve 11.07 claims. The trial court had 180 days from the time the state recieved the application to resolve the issues of the 11.07 writ claims.

Put simply: • The State still has 15 days to respond.

• The trial court still has 20 days from the States deadline to designate the issues.

• The trial court has 145 days (less than 5 months) to order affidavits and/or hold a hearing, order

7.

proposed findings of fact/conclusion of law and resolve issues. Because this is hard and fast "lose jurisdiction, " kind of deadline. The State should also have calendered the 180 days to make sure there were no missed opportunities.

Under the new rule changes, the district clerk must send all ODI'S to the Court of Criminal Appeals once signed by the trial court.

## STATEMENT OF CASE

The original Mandamus proceeding stems from a conviction for the offense of aggravated sexual assault with a child and a sentence of 35 years was imposed to the Texas Department of Criminal Justice Institution on October 1,2010.

An application for writ of Habeas corpus was mailed on January 17,2014 to the 361st Judicial District Court. To this date relator has not recieved any notification that the court has issued its finding of facts and conclusion of law after designating that the ineffective assistance of counsel/conflict of interest needed to be resolved. Sain order was made on Feb. 20, 2014, see Exibit (D).

## ISSUES TO BE PRESENTED

1) Negligence, in the performance of the duties of his/her office.

2) Failure of the presiding Judge (Langley) in the habeas proceeding to make finding of facts and conclusion of law after timely

8.

designating said issues, pursuant to Texas Rules of appellant procedure, Rule 73.(5).

3) Failure to transmitt documents to the Court of Criminal Appeals as required by statute.

## STATEMENT OF JURISDICTION

This court has jurisdiction over this mandamus proceeding under Texas Government Code Section 22.221 and Texas Rule of Appellate Procedure rule 52.

## STATEMENT OF FACTS

On January 22,2014, relator filed his application for writ of habeas corpus, pursuant to V.A.C.C.P. Art.11.07, with the 361st judicial district court of Brazos county, Texas under cause no. 09-04380-CRF-361-A.

Relator raised three(3) grounds of error (1) Conflict of Interest. (2) Ineffective Assistance of Counsel, (3) Actual innocence.

On January 22, 2014 the district clerk of Brazos County, Texas notified relator by letter that she had recieved and filed relators application for writ of habeas corpus on that day, see exibit (E-D).

On September 8,2014 after making several requests for a status report regarding the progress of relators filed application, relator again, provided another letter to the district Clerk of Brazos County Texas, informing her that he has not recieved any notice whether the court had issued an order to designate the ineffective assistance of counsel issue, pursuant to Art.11.07§3(d), nor had relator recieved any notice whether the court had issued or

9.

recieved any affidavit(s) responding to relator's allegations,
if such was designated, and or relator had not recieved any
notice/ruling from the Court of Criminal Appeals regarding his
filed application. As each time prior to said letter, the
district court failed to respond to relator's concerns for
his filed application.,see Exibit (B;E,A). Furthermore, relator
also filed a motion application for summary judgement in the
Court of Criminal Appeals Austin, Texas, on the first day of
March 2016, that also exceeded the 180th and 1 day allotted
see T.R.A.P. Rule 73 (5)see also exibit E with no response.

As mentioned, relator filed his application for writ of habeas
corpus (11.07) on Jan.22,2014 thus said writ has been pending
in the 361st Judicial District Court for over twenty seven (27)
months with no proceeding as to finding of facts and conclusion
of law being performed by the honorable Judge Langley as
mandated by law. Furthermore, the time limitation of T.R.A.P.
Rule 73(5) to resolve said issues has expired.

## ARGUMENT AND AUTHORITIES

Once an application for writ of habeas corpus challenging a final
conviction is recieved and filed by the district court the
attorney representing the State is allowed (15) days in which
to respond, if he chooses to do so.,see V.A.C.C.P Art.11.07§3(d).
After the expiration of time for the State to answer, the trial
court is allowed(20) days in which to determine whether the
application contains allegations of controverted, previously
unresolved issues material facts to the legality of the applicants

10.

confinement, see V.A.C.C. Art. 11.07§3(c).

If the trial court determines the application does present such issues (as required for relator's ineffective assistance of counsel claim), it is the duty of the trial court to enter an order within (20) day period, designating the issues of facts to be resolved. After such issue's have been resolved pursuant to V.A.C.C.P. Art.11.07§3(d), the clerk of the court must immediately transfer the court findings etc., to the Texas Court of Criminal Appeals for final review and determination of the designated issue(s) material to the legality of applicant's confinement, see V.A.C.C.P. Art.11.07§3(d); McCree v.Hamton, 824 S.W. 2d 578 (Tex.Crim, App.1992).

Although Art.11.07§3(d) does not specify a certain time period in which a trial court must conduct the evidentiary proceedings of Art 11.07§3(d), after the issue(s) were designated, but Texas rules of appellate procedure does require the trial Judge to conduct these proceeding within 180 days from the date of receipt of the application, said rule state in part:

TIME FRAME FOR RESOLUTION OF CLAIMS RAISED IN APPLICATION

- Within 180 days from the date of receipt of the application by the state. The convicting court shall resolve any issues that the court has timely designated for resolution. Any motion for extension of time must be filed in the Court of Criminal Appeals before the expiration of the 180 day period.,T.R.A.P. Rule 73(5).

• To obtain mandamus relief in a criminal matter, a relator must meet a two part test. First, relator must show he has no other adequate remedy to seek redress for the alleged error by the trial judge and second, the act relator seeks to compel the trial Judge, and second, the act relator seeks to compel the trial judge to perform must be ministerial in nature.

Failure to do either of these required showings will result in denial of relief, see Board of Pardon and Parole vs. Court of Criminal Appeals, 910 S.W. 2d 481,483 (Tex.Crim. App.1995).

• Texas law is well settled that mandamus will issue when a trial judge fails to perform duties pursuant to V.A.C.C.P. Art. 11.07§3(c) (d) and T.R.A.P. 73 (5) Rule and upon information and belief Judge Langley, has failed to perform these duties. Relator has no adequate remedy to seek redress for this error other than requesting this honorable court to grant relief pursuant to his "writ of mandamus."

Relator has gone well beyond any requirement or obligation imposed upon him by the Texas Code of Criminal Procedure in contrast to relator's efforts. Respondent has wholly failed to comply with the Texas Code of Criminal Procedure, Art.11.07 Section 3 (c) (d) and T.R.A.P. Rule 73 § (5). The trial court had 145 days (less than five months) to order affidavits and/or hold a hearing, order proposed findings of facts/ conclusions of law, and resolve the issues. This is a hard and fast "lose jurisdiction"

12.

kind of deadline, the state is acting in bad faith, and has violated relator's constitutional right to due process.

## PRAYER FOR RELIEF

WHEREFORE, premises considered:

Relator, Richard Lopez, Pro-se respectfully requests a finding that the Honorable Judge Langly of the 361st District Court failed to resolve the issues that the court timely desinated for resolution as required by T.R.A.P. Rule 73 (5) and that relator is unaware that said Judge requested an extension of time from this Honorable Court. Relator brought this litigation in good faith and has substantially prevail, relator prays for order directing respondent to transmit copy of the application for writ of habeas corpus, any answers filed, and a certificate reciting the date upon which that finding was made to section 3 (c) (d) of the Code of Criminal Appeals as directed procedure and pursuant to T.R.A,P, Rule 73 § (5).

Richard Lopez

## DECLARATION

I, Richard Lopez, do declare under the penalty of perjury pursuant to Texas Cival Practice Remedies Code §132.001-§132.003, that the facts stated herein my writ of mandamus it true and correct.

Executed on this _18_ Day of _May_ ,2016,

_Richard Lopez_
Richard Lopez/pro-se

## CERTIFICATE OF SERVICE

I, Richard Lopez, do certify that a true and correct copy of this writ was served on respondent by U.S.Mail postage pre-paid, address to:

The Honorable Judge Langley
361st Judicial District Court
Brazos County, Texas

x _Richard Lopez_
Richard Lopez, pro-se
Mark W. Stiles Unit
3060 FM 3514
Beaumont, Texas 77705



**Marc Hamlin**
*District Clerk*

May 30, 2014

Richard Lopez #0673749
Stiles Unit
3060 FM3514
Beaumont, TX 77705

Mr. Lopez,

Please find enclosed a copy of the Order dated 02/20/14 from Judge Langley referncing the factual issues material to the legality of Applicant's Confinement.

I have also enclosed a file stamp copy of the letter dated April 29, 2014 that you filed at the District Clerk's office.

Thank You,

Tracy Knighton
Deputy Clerk
District Clerk Marc Hamlin
979-361-4233

Ref: Certified Receipt # 70133020000170070047

DISTRICT CLERK ___                          DATE: 08.08.2014
BRAZOS COUNTY
300 E. 26TH STREET, SUITE 1200
BRYAN, TEXAS 77083


    RE: EX PARTE RICHARD C. LOPEZ
        CAUSE NO. 09-04380-CRF-361-A


Dear Sir/Madam:


    Applicant in the above named and numbered Cause respectfully requests a Status
Report of his said Writ of Habeas Corpus Art. 11.07 in that:
1) Applicant's first request has not been forwarded with response from the District
    Court Clerk to the Status of his State postconviction application pursuant to
    Art. 11.07 of the Texas Code of Criminal Procedure, and

2) Whether a copy of Counsel Bruno Shimek's (Atty of Record) Affidavit, response
    to the allegations of Ineffective Assistance of Counsel/Conflict of Interest
    issues to the Defendant for purposes of protecting his right to Due Process
    and Rebuttal in a timely manner.


    Please, Applicant respectfully requests that he be given Notice of the above
and aforementioned so that a Writ of Mandamus does not issue.
    Your assistance in this matter is greatly appreciated.


cc:Applicant's File
   2nd Request

                              Sincerely,



                              Defendant Pro se
                              Richard C. Lopez
                              TDCJ-CID #1673749
                              MARK STILES UNIT
                              3060 FM 3514
                              BEAUMONT, TEXAS 77705

Court Order
in
Back



APRIL 29, 2014

DISTRICT CLERK
BRAZOS COUNTY
300 E. 26TH ST. STE. 1200
BRYAN, TX. 77805

RE: EX PARTE RICHARD CASAREZ LOPEZ
CAUSE NO: 09-04380-CRF-361-A

DEAR SIR/MADAM:

APPLICANT IN THE ABOVE NAME AND NUMBERED CAUSE RESPECTFULLY REQUEST A STATUS REPORT OF HIS SAID WRIT OF HABEAS CORPUS ART. 11.07, IN THAT:
1). APPLICANT HAS NOT RECEIVED A COPY OF THE SIGNED ORDER TO ASSIST THE COURT RESOLVING APPLICANT'S INEFFECTIVE ASSISTANCE/CONFLICT OF INTEREST CLAIM.
2). THE ORDER MOVES APPLICANT'S COUNSEL, BRUNO SHIMEK TO FILE AN AFFIDAVIT RESPONSIBLE TO THE ALLEGATIONS.
3). AND, SAID AFFIDAVIT MUST BE FILED WITHIN 60 DAYS OF THE SIGNANCE OF THE ORDER WITH THE DISTRICT CLERK OF BRAZOS COUNTY, TX., PURSUANT TO TEX. CODE OF CRIM. PROC. ART. 11.07 § 3(d).

PLEASE FIND ENCLOSED A SELF ADDRESSED STAMPED ENVELOPE TO ASSIST THE CLERK FOR SAID REQUEST.

YOUR ASSISTANCE IN THIS MATTER IS GREATLY APPRE-
CIATED.

SINCERELY,

X _Richard C. Lopez_
APPLICANT / PRO / SE

Richard C. Lopez
TDCJ-ID# 1673749
MARK W. STILES UNIT
3060 FM 3514
BEAUMONT, TX 77705

CC: APPLICANT'S
1ST REQUEST

Cause No. 09-04380-CRF-361-A

| EX PARTE | § | IN THE DISTRICT COURT OF |
| | § | BRAZOS COUNTY, TEXAS |
| RICHARD LOPEZ | § | 361st JUDICIAL DISTRICT |

## ORDER

Pursuant to Tex. Code Crim. Proc. art. 11.07, §3(d), the Court is of the opinion that controverted, previously unresolved factual issues material to the legality of Applicant's confinement exist. Therefore, the Court designates the following issues of fact to be resolved:

1. Ineffective assistance.

To assist the Court in resolving these factual issues, Bruno Shimek is ORDERED to file an affidavit responding to the allegations contained in the application; said affidavit must be filed with the District Clerk of Brazos County, Texas within 60 days of the signing of this Order.

The District Clerk is also ORDERED to send a copy of this Order to the following:

1. Bruno Shimek, 218 North Main, Bryan, TX 77803.
2. Richard Lopez, TDCJ# 0673749, Stiles Unit, 3060 FM 3514, Beaumont, TX 77705.
3. Brazos County District Attorney's Office.

The Court hereby ORDERS the District Clerk of Brazos County to withhold preparing and transmitting the Record to the Court of Criminal Appeals until further Order of this Court.

SIGNED the 20th day of FEB., 2014.

_____
Presiding Judge

3

§
§
§
§

EX PARTE,
RICHARD LOPEZ
TDCJ-ID # 1643749
MARK W. STILES UNIT
3060 FM 3514
BEAUMONT, TEXAS 77705-7635

"APPLICANT'S MOTION FOR SUMMARY"
JUDGMENT

CLERK, OF
COURT OF CRIMINAL APPEALS
P.O.BOX 12308
CAPITOL ST.
AUSTIN TX 79711

RE: EX PARTE RICHARD LOPEZ
CAUSE NO. 09-4380-CRF-361-A
IN THE DISTRICT COURT OF BRAZOS COUNTY, TEXAS
361ST JUDICIAL DISTRICT

DEAR CLERK:

PLEASE FIND ENCLOSED ONE COPY OF APPLICANT'S MOTION FOR SUMMARY
JUDGEMENT. PLEASE FILE THIS MOTION IN THE ABOVE NUMBERED CAUSE
AND BRING IT TO THE ATTENTION OF THE COURT.

I THANK YOU FOR ALL YOUR OFFICE DOES.

P.S WITH EXIBITS:

RESPECTFULLY SUBMITTED,

L. (A 1-3); (B); (C 1-2) & (D)

RICHARD LOPEZ
RICHARD LOPEZ
EX PARTE APPLICANT

IN THE

COURT OF CRIMINAL APPEALS

AUSTIN, TEXAS

§

§

§

EX PARTE

RICHARD LOPEZ

TDCJ ID # 1673749

"APPLICANT'S MOTION FOR SUMMARY JUDGEMENT"

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES RICHARD LOPEZ, APPLICANT IN THE ABOVE NUMBERED CAUSE WITH THIS "MOTION FOR SUMMARY JUDGEMENT AND WILL SHOW:

I.

COUNSEL'S DEFAULT ON COURT ORDER

APPLICANT, ASSERTS THAT THE RECORD WILL REFLECT THAT ON FEBRUARY 20th, 2014 THIS HONORABLE COURT OF THE 361st JUDICIAL DISTRICT COURT OF BRAZOS COUNTY, TEXAS "ORDERED BRUNO SHIMEK" ATTORNEY AT LAW TO FILE AN AFFIDAVIT RESPONDING TO THE ALLEGATIONS CONTAINED IN THE APPLICATION; SAID AFFIDAVIT MUST BE FILED WITH THE DISTRICT CLERK OF BRAZOS COUNTY, TEXAS WITHIN (60) DAYS OF THE SIGNING OF THIS ORDER.

APPLICANT, ASSERTS THAT SAID ATTORNEY'S DEFAULT AND FAILURE TO CHALLENGE ANY OF THE APPLICANT'S ALLEGATIONS REGARDING INEFFECTIVE ASSISTANCE OF COUNSEL CHANGES THOSE ALLEGATIONS INTO "STATEMENTS OF FACT," THEREBY WARRANTING SUMMARY JUDGEMENT FOR APPLICANT,

## II.
### No Answer Default Judgement.

A Judgement for the Applicant enters on Feb. 25th 2014, after the Honorable Court ordered Bruno Shimek - Attorney Failed to timely answer or otherwise make said affidavit within (60) days file with the District Clerk of Brazos, County, Texas.

So Applicant's filing a Summary Judgement with the Court of Criminal Appeals, assking them to Take Judicial Action for the Trial Courts Lack of Judgement, App. submits Previous Motions as Exhibits, to allocate the Nature of this 'Motion for Summary Judgement'

Applicant, Is Presenting this Motion in Good Faith and In the interest of justice.

### Prayer.

Applicant, Prays this Honorable Court Find Applicants Request In Due Form and Fact and Grant Applicants Motion for Summary Judgement In this Matter.

### Declaration.

I. Richard Lopez, do hereby declare under Penalty of Perjury pursuant to TEX. Civ. Prac. Rem. Code § 132.001 - 3132.003, That all Contained Herein Is True and Correct to the best of my understanding

Executed on This 30th Day of February 2016

### Certificate of Service.

I. Richard Lopez, do Hereby Certify that a True and Correct copy of the above and Foregoing Applicant's Motion For Summary Judgement Has Been Served by Placing "one Copy" Into the United States Mail Addressed To:

CRIMINIAL COURT OF APPEALS
AUSTIN TEXAS
P.O.BOX 12308
CAPITAL STREET
AUSTIN TEXAS 778711

Richard Lopez

RICHARD LOPEZ
TDCJ-CID No 1673749
MARK W. STILES UNIT
3060 FM 3514
BEAUMONT, TEXAS 77705-7635