# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-16-00461-CR
NO. 03-16-00462-CR

**Ex parte Keith Taylor**

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 390TH JUDICIAL DISTRICT
NOS. D-1-DC-11-300144-C & D-1-DC-12-904028-C
HONORABLE JULIE H. KOCUREK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Keith Taylor, an inmate in the Texas Department of Criminal Justice, filed an application for writ of habeas corpus under article 11.07 of the Texas Code of Criminal Procedure with the Texas Court of Criminal Appeals.[1]  The writ was subsequently denied by the Court of Criminal Appeals without written order.  Taylor, appearing pro se, has now filed a notice of appeal with this Court.

Article 11.07 of the Court of Criminal Procedure vests complete jurisdiction over post-conviction relief from final felony convictions in the Texas Court of Criminal Appeals.  Tex. Code Crim. Proc. art. 11.07, § 5; *Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995).  While a post-conviction application

---

[1]  Following pleas of guilty, Taylor was convicted in 2012 of aggravated robbery with a deadly weapon, in cause number D-1-DC-11-300144, and of solicitation to commit capital murder, in cause number D-1-DC-12-904028.  *See* Tex. Penal Code §§ 29.03(a)(2) (aggravated robbery), 19.03(a)(3) (solicitation to commit murder).  Taylor's subsequent appeal was dismissed. *See Taylor v. State*, Nos., 07-12-0287-CR, 07-12-0288-CR, 2012 WL 4511408, at *1 (Tex. App.—Amarillo Oct. 2, 2012, no pet.) (mem. op., not designated for publication).

for writ of habeas relief under article 11.07 must be filed in the court of original conviction, that court does not decide the merits of the application, but simply makes any necessary findings of fact and forwards the record to the Texas Court of Criminal Appeals for a final ruling. *See* Tex. Code Crim. Proc. art. 11.07, §§ 3, 5.

In this case, the convicting court acted on Taylor's application for writ of habeas corpus by making findings of fact and conclusions of law and by ordering transmission of the record to the Court of Criminal Appeals, in accordance with article 11.07. *See id.* § 3. Based on the record before it, including the convicting court's findings of fact and conclusions of law, the Court of Criminal Appeals denied Taylor's application. We do not have jurisdiction to review the Court of Criminal Appeals's denial of Taylor's application for writ of habeas corpus or to review the convicting court's findings of fact and conclusions of law. *See Lambert v. State*, No. 03-12-00530-CR, 2012 WL 3629486, at *1 (Tex. App.—Austin 2012, Aug. 23, 2012, no pet.) (mem. op., not designated for publication) (dismissing for want of jurisdiction appeal of court of criminal appeal's denial of writ of habeas corpus). Accordingly, these appeals are dismissed for want of jurisdiction. *See* Tex. R. App. P. 43.2(f).

 

_____

Scott K. Field, Justice

Before Justices Puryear, Pemberton, and Field

Dismissed for Want of Jurisdiction

Filed: October 28, 2016

Do Not Publish