

## Fourth Court of Appeals
### San Antonio, Texas

### MEMORANDUM OPINION

No. 04-19-00095-CR

**IN RE** Stephen Wayne **RICHARDSON**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:    Rebeca C. Martinez, Justice
            Patricia O. Alvarez, Justice
            Irene Rios, Justice

Delivered and Filed: March 13, 2019

PETITION FOR WRIT OF MANDAMUS DISMISSED FOR LACK OF JURISDICTION

On October 16, 2013, this court issued an opinion affirming relator's conviction of manslaughter, and our mandate issued on February 5, 2014. On December 10, 2018, relator filed a pro se "Brief/Outline" of his case in which he asserted an issue he believed his appellate counsel should have raised in the original appeal. On December 18, 2018, this court notified relator that because our mandate had issued we no longer had jurisdiction to consider his claim. We informed relator that a copy of his claim had been forwarded to the trial court.

On February 22, 2019, relator filed his pro se petition for writ of mandamus. In his petition, relator asserts the trial court has not ruled on his "Brief/Outline." However, relator also contends

---

[1] This proceeding arises out of Cause No. 2010CR10629, styled *The State of Texas v. Stephen Wayne Richardson*, pending in the 399th Judicial District Court, Bexar County, Texas, the Honorable Juanita A. Vasquez-Gardner presiding.

he is entitled to the relief he seeks in his "Brief/Outline." In his prayer for relief, relator asks this court to exonerate him and release him from custody.

We do not have jurisdiction to exonerate relator. The substance of the relief sought by relator in his petition is habeas corpus relief following a final felony conviction. Texas Code of Criminal Procedure article 11.07 provides the exclusive means to challenge a final felony conviction. TEX. CODE CRIM. PROC. art. 11.07 § 5; *Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (orig. proceeding) (per curiam). Jurisdiction to grant post-conviction habeas corpus relief on a final felony conviction rests exclusively with the Texas Court of Criminal Appeals. TEX. CODE CRIM. PROC. art. 11.07 § 3(a); *Keene*, 910 S.W.2d at 483. Because the relief sought in relator's petition relates to post-conviction relief from an otherwise final felony conviction, we are without jurisdiction to consider his petition for writ of mandamus. Therefore, we dismiss relator's petition for writ of mandamus for lack of jurisdiction.

PER CURIAM

Do not publish