

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-19-00201-CV

---

**IN RE JAY ANTHONY NOTTINGHAM, RELATOR**

---

**ORIGINAL PROCEEDING**

---

June 18, 2019

## MEMORANDUM OPINION

### Before CAMPBELL and PIRTLE and PARKER, JJ.

Jay Anthony Nottingham, appearing pro se, has filed this original proceeding challenging actions he ascribes to the Honorable John B. Board, Judge of the 181st District Court of Randall County. By his petition, Nottingham seeks relief from the revocation of his parole. Because such relief must be pursued through a habeas corpus proceeding under Texas Code of Criminal Procedure Article 11.07,[1] and because the Texas Court of Criminal Appeals possesses exclusive jurisdiction over an Article 11.07 proceeding, we will dismiss the present proceeding for want of subject matter jurisdiction.

---

[1] TEX. CODE CRIM. PROC. ANN. Art. 11.07 (West 2015).

Nottingham was convicted of robbery in 2008 in Judge Board's court. We affirmed that conviction.[2] Thereafter, he was convicted in Wheeler County in 2011 for the 2007 offense of attempting to take a weapon from an officer and was sentenced to eighteen-years' confinement. He was released from confinement on parole in October 2013. During July 2016, through two Potter County indictments, Nottingham was charged with the June 2016 offenses of robbery and harassment of a public servant. On November 16, 2016, Randall County charged Nottingham with two counts of robbery based on the same June 2016 events that lead to the Potter County indictments.[3] On December 2, 2016, the two Potter County cases against Nottingham were dismissed without prejudice. The Randall County case against him was dismissed on May 17, 2017. Nottingham's parole was revoked on July 5, 2017.

The ultimate object of Nottingham's complaint in this original proceeding is the assertedly wrongful revocation of his parole, for which he, in part, blames Judge Board. He faults Judge Board for a failure to declare, sua sponte, the Randall County indictment void for want of jurisdiction. He appears to maintain that Randall County was precluded from indicting him because Potter County first acquired jurisdiction through its later-dismissed indictments. He alleges also the procedure that led to revocation of his parole

---

[2] *Nottingham v. State,* No. 07-08-00131-CR, 2009 Tex. App. LEXIS 649 (Tex. App.—Amarillo Jan. 30, 2009, no pet.) (mem. op., not designated for publication).

[3] The two counts in the Randall County indictment alleged Nottingham committed robbery within four hundred yards of the boundary of Potter and Randall Counties. *See* TEX. CODE CRIM. PROC. ANN. art. 13.04 (West 2015) (offenses committed within four hundred yards of county boundaries may be prosecuted in either county).

was infected by prosecutorial misconduct and collusion in Randall County with the parole office and the Randall County Sheriff's Department.

Nottingham has accompanied his original proceeding with a voluminous record. It shows he presented his complaint to Judge Board, as judge of the convicting court, during a 2018 habeas corpus proceeding brought under Code of Criminal Procedure Article 11.07. In its March 27, 2019 order in that habeas proceeding the Court of Criminal Appeals noted Nottingham asserted "he was denied pre-sentence credit and credit for time in custody prior to the revocation of his parole" as well as "multiple grounds relating to the revocation of his parole." *Ex parte Nottingham,* No. WR-29,898-04, 2019 Tex. Crim. App. Unpub. LEXIS 163, at *1 (Tex. Crim. App. Mar. 27, 2019) (per curiam order, not designated for publication). The court dismissed Nottingham's claims relating to pre-sentence credit and denied his remaining claims. *Id.*

"Parole is a form of restraint which allows an applicant to pursue the remedies afforded under Code of Criminal Procedure Article 11.07." *Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for the Eighth Dist.,* 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (per curiam); *Ephraim v. Thaler,* No. 2:08-CV-0214, 2011 U.S. Dist. LEXIS 104409, at *5 (N.D. Tex., Amarillo Div. Aug. 17, 2011)*,* (citing *Keene*), *report and recommendation adopted, Ephraim v. Thaler,* No. 2:08-CV-0214, 2011 U.S. Dist. LEXIS 104408 (N.D. Tex., Amarillo Div. Sep. 15, 2011). A claim that parole was unlawfully revoked must be brought to the convicting court's attention under Article 11.07. *Keene,* 910 S.W.2d at 483. The Court of Criminal Appeals possesses exclusive jurisdiction to grant habeas relief under Article 11.07. *Id.* at 484. *See Ex parte Evans,* 964 S.W.2d 643, 647 (Tex. Crim. App. 1998) (citing *Keene* and stating "claims regarding parole revocation hearings are

3

cognizable under Article 11.07"); *Ex parte Touchstone,* No. 07-12-00239-CR, 2012 Tex. App. LEXIS 5021, at *1-2 (Tex. App.—Amarillo June 22, 2012, orig. proceeding) (order, not designated for publication) (dismissing for want of jurisdiction an inmate's request for a declaration that his underlying conviction was "null and void" and concluding "[a]s an intermediate appellate court, we have no post-conviction jurisdiction to consider the relief [relator] requests by his pleading because the exclusive means of challenging a final felony conviction is in the Texas Court of Criminal Appeals according to article 11.07 of the Texas Code of Criminal Procedure").

Based on the record presented by Nottingham, it is clear to us that he pursued his wrongful-revocation-of-parole claim to an unsuccessful end in the habeas proceeding before the Court of Criminal Appeals, and now has recast it as a petition for writ of mandamus against Judge Board in this proceeding.  But as noted, exclusive jurisdiction over this type of complaint lies with the Court of Criminal Appeals.  We therefore dismiss Nottingham's original proceeding for want of subject matter jurisdiction.


James T. Campbell
Justice


4