In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-19-00365-CR**
_____

**IN RE WILLIAM CURTIS JONES**

**Original Proceeding**
**252nd District Court of Jefferson County, Texas**
**Trial Cause No. 15-23712**

**MEMORANDUM OPINION**

William Curtis Jones filed a petition for habeas corpus in this court challenging his conviction for misappropriating fiduciary property, a felony.[1]

The intermediate courts of appeal do not have jurisdiction over post-conviction writs of habeas corpus for a petition that challenges the applicant's conviction of a felony.[2] The judgment in Trial Court Cause Number 15-23712

---

[1] Tex. Penal Code Ann. § 32.45(c)(7) (Supp.); *Jones v. State*, No. 09-18-00071-CR, 2019 WL 3308958, at *1 (Tex. App.—Beaumont July 24, 2019, pet. filed) (mem. op., not designated for publication).

reflects Jones was convicted of a felony. We dismiss Jones's petition for want of jurisdiction.

PETITION DISMISSED.

PER CURIAM

Submitted on October 29, 2019
Opinion Delivered October 30, 2019
Do Not Publish

Before Kreger, Horton, and Johnson, JJ.

---

[2] *See Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (holding that "jurisdiction to grant post-conviction habeas corpus relief on a final felony conviction rests exclusively with the Court of Criminal Appeals") (cleaned up); *see also* Tex. Code Crim. Proc. Ann. arts. 11.05, 11.07, § 3; Tex. Gov't Code Ann. § 22.221(d) (Supp.).

2