# NO. 12-20-00076-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DAVID EUGENE FORD,* *APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

A jury found Appellant, David Eugene Ford, guilty of aggravated robbery with a deadly weapon, a felony, and this Court affirmed his conviction in 2015.[1] Appellant, acting pro se, subsequently filed an application for writ of habeas corpus with the trial court. In December 2019, the trial court recommended that the application be denied and on February 5, the Texas Court of Criminal Appeals denied habeas relief without a written order.[2] Appellant filed a notice of appeal on March 3, 2020. That same day, this Court notified Appellant that the notice of appeal failed to show the jurisdiction of the Court, i.e., the order being appealed is not appealable. We informed Appellant that the appeal would be dismissed unless the information was amended on or before April 2 to show this Court's jurisdiction. In response, Appellant filed an amended notice of appeal, which alleges that this Court possesses jurisdiction to consider the trial court's denial of his habeas application.

Article 11.07 establishes the procedures for an application for writ of habeas corpus in which the applicant seeks relief from a felony judgment imposing a penalty other than death. TEX.

---

[1] *See* **Ford v. State**, No. 12-13-00308-CR, 2015 WL 858811 (Tex. App.—Tyler Feb. 27, 2015, pet. ref'd) (mem. op., not designated for publication) (per curiam).

[2] *See* **Ex parte Ford**, WR-90,765-01 (Feb. 5, 2020) (notice).

CODE CRIM. PROC. ANN. art 11.07 § 1 (West 2015). After final conviction in any felony case, the writ must be made returnable to the Texas Court of Criminal Appeals. *Id*. art. 11.07 §3(a). Jurisdiction to grant post conviction habeas corpus relief on a final felony conviction rests exclusively with the Texas Court of Criminal Appeals. ***Board of Pardons & Paroles ex. rel. Keene v. Court of Appeals for Eighth Dist.***, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995). Accordingly, this Court lacks jurisdiction over postconviction habeas applications in felony cases. *See **Ex parte Ngo***, No. 02-16-00425-CR, 2016 WL 7405836, at *1 (Tex. App.—Fort Worth Dec. 22, 2016, no pet.) (mem. op., not designated for publication) (dismissing appeal from denial of Article 11.07 habeas application for want of jurisdiction). For this reason, we ***dismiss*** Appellant's appeal for ***want of jurisdiction***.

Opinion delivered April 8, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 8, 2020**

**NO. 12-20-00076-CR**

**DAVID EUGENE FORD,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-1281-12-A)

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that it is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*