

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

---

No. 08-25-00334-CR

---

In re Jerry-Jacob James Corona, Relator

---

## AN ORIGINAL PROCEEDING IN MANDAMUS

---

## MEMORANDUM OPINION

Relator Jerry-Jacob James Corona has filed a petition and amended petition for writ of mandamus, seeking a reconsideration of his motion for rehearing filed in his direct appeal. *See* Tex. Gov't Code Ann. 22.221.

Corona timely appealed his judgment of conviction for aggravated assault with a deadly weapon, which was docketed in this Court under cause number 08-23-00116-CR. On December 2, 2024, we issued an opinion affirming Corona's conviction. *Corona v. State*, No. 08-23-00116-CR, 2024 WL 4941322, at *1 (Tex. App.—El Paso Dec. 2, 2024, pet. ref'd) (mem. op.). Corona

filed a motion for rehearing on December 9, 2024, which he amended on April 28, 2025. This Court denied rehearing on April 30, 2025. Corona then filed a motion to reconsider. Because none of the limited provisions authorizing such motion applied, we denied reconsideration. *See* Tex. R. App. P. 49.4 (providing that a further motion for rehearing is limited to situations where the court decides a motion for rehearing that "(a) modifies its judgment; (b) vacates its judgment and renders a new judgment; or (c) issues a different opinion").

Corona then filed a petition for discretionary review with the Court of Criminal Appeals. The Court refused the petition on July 2, 2025. Our mandate issued on September 3, 2025. Corona now returns to this Court seeking mandamus relief. He requests an order directing that we reconsider his motion for rehearing filed on April 28, 2025, and to order the State to respond to his motion for reconsideration.

To be entitled to mandamus relief, a relator must show that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). By means of mandamus petition, Corona's request is essentially asking this Court to re-open his direct appeal and for us to reconsider our prior opinion in that proceeding. Neither of Corona's petitions invoke this Court's jurisdiction to exercise our writ power in this scenario. *See* Tex. Gov't Code Ann. § 22.221(c)(1)–(2). Additionally, only the Court of Criminal Appeals has jurisdiction over matters related to post-conviction relief from a felony conviction. *See* Tex. Code Crim. Proc. Ann. art. 11.07 (governing post-conviction writs of habeas corpus); *Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (en banc) (holding that Article 11.07 provides the exclusive means to challenge a final felony conviction).

2

We dismiss both Corona's petition for writ of mandamus and his amended petition for lack of jurisdiction.

GINA M. PALAFOX, Justice

December 29, 2025

Before Salas Mendoza, C.J., Palafox and Soto, JJ.