# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-26-00092-CV

---

### In re Phillip G. Scott

---

### ORIGINAL PROCEEDING FROM TRAVIS COUNTY

---

## M E M O R A N D U M   O P I N I O N

Relator has filed a pro se petition for writ of habeas corpus.[1]  He challenges "the Magistrate's order for a pre-revocation warrant a/k/a Blue Warrant issued on Nov. 28, 2025"; represents that he is being held at the Austin Transitional Center in Del Valle based on the warrant; and asks for "assistance in finding information on the issuing Judge because Parole has not given [him his] Violation Report or copy of the Warrant or information supporting the Warrant."

Alleged irregularities occurring during the proceedings leading to the revocation of parole should be brought to the attention of the convicting court by way of a postconviction application for writ of habeas corpus under Texas Code of Criminal Procedure art. 11.07.  *See Board of Pardons & Paroles v. Court of Appeals for the Eighth District*, 910 S.W.2d 481, 484

---

[1]  Relator titled the document "Notice of Appeal," but based on the substance of the document, we have construed it as a petition for a writ of habeas corpus.  He also filed a motion for extension of time and motion for leave to file late notice of appeal.  We dismiss this motion as moot.

(Tex.Crim.App.1995). The Court of Criminal Appeals enjoys exclusive authority to grant relief in such a proceeding. *Id.* Because relator appears to be challenging an irregularity in the proceedings in the revocation of parole and the Court of Criminal Appeals has exclusive authority to grant relief in such cases, we do not have jurisdiction to grant the relief he requests.

Thus, we conclude that we do not have jurisdiction over this petition and dismiss it for want of jurisdiction.[2]

_____

Chari L. Kelly, Justice

Before Justices Triana, Kelly, and Ellis

Filed: March 17, 2026

---

[2] To the extent that relator is seeking other relief, we observe that he has not provided this Court with a sufficient record from which to evaluate his claims. *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); *In re Smith*, No. 03-14-00478-CV, 2014 WL 4079922, at *2 (Tex. App.—Austin Aug. 13, 2014, orig. proceeding) (mem. op.) (denying mandamus relief when relator failed to provide sufficient record); *see also* Tex. R. App. P. 52.7(a) (requiring relator to file record containing sworn copies "of every document that is material to [his] claim for relief and that was filed in any underlying proceeding").